2007 ME 13

**Terry B. BRUESEWITZ**

v.

**Mac C. GRANT.**

Supreme Judicial Court of Maine.

Argued: Nov. 29, 2006.
Decided: Jan. 16, 2007.

Matthew S. Goldfarb, Esq. (orally), Portland, for plaintiff.

F. Bruce Sleeper, Esq. (orally), Jensen Baird Gardner Henry, Portland, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, DANA, CALKINS, LEVY, and SILVER, JJ.

DANA, J.

[¶ 1] Mac C. Grant appeals from the District Court's (Portland, *Tucker, J.*) denial of his motions to quash a disclosure subpoena, and to dismiss a disclosure proceeding. Grant concedes that the appeal is interlocutory, but argues that the case falls within an exception to the final judgment rule. We disagree and dismiss the appeal.

## I. BACKGROUND

[¶ 2] Attorney Terry B. Bruesewitz, a Colorado resident, represented Grant, a Pennsylvania resident, in several legal matters in the 1990s. When Grant failed to pay for his services, Bruesewitz obtained a default judgment against him in Colorado for $19,031.62. Aware that Grant was, at one time, a shareholder and director of Thompson's Point, Inc. (TPI), a Maine corporation, Bruesewitz registered the Colorado judgment in Maine,[1] and the court issued a writ of execution.

[¶ 3] Bruesewitz then initiated a disclosure proceeding by filing a disclosure subpoena for Grant and a witness subpoena for TPI, in the hopes of ascertaining what,

---

1. In Maine, the process of domesticating foreign judgments is dictated by the Uniform Enforcement of Foreign Judgments Act, 14 M.R.S. §§ 8001–8008 (2005).

if any, assets were held by Grant in Maine that might be susceptible to execution. *See* 14 M.R.S. §§ 3122(1), 3126 (2005). Although Grant did not appear, a disclosure hearing was held with a representative of TPI testifying in response to the witness subpoena concerning Grant's ownership interest in the corporation. *See* 14 M.R.S. § 3125 (2005). Following the disclosure hearing, the District Court (*Alexander, J.*) issued a turnover order invalidating Grant's 1993 sale of seventy-five shares of TPI, and directing TPI to issue a new certificate for the same seventy-five shares to Bruesewitz. The court's order was later vacated, however, when the court determined that Grant had not been served by Bruesewitz with a subpoena for the disclosure proceeding.

[¶ 4] Thereafter, Bruesewitz had a disclosure subpoena served on Grant at his home in Pennsylvania. In response, Grant filed a motion to quash the subpoena and dismiss the proceeding for lack of jurisdiction. The District Court denied the motion, finding the disclosure subpoena was served properly under Maine and Pennsylvania law, and the court had personal jurisdiction over Grant pursuant to the three-prong test in *Commerce Bank & Trust Co. v. Dworman,* 2004 ME 142, ¶ 14, 861 A.2d 662, 666. The court denied Grant's motion for reconsideration. This appeal followed.

## II. DISCUSSION

■ [¶ 5] We begin with the concession by Grant that this appeal is interlocutory. "It is well settled that appeals, in order to be cognizable, must be from a final judgment." *Lewellyn v. Bell,* 635 A.2d 945, 946 (Me.1993) (quoting *State v. Lemay,* 611 A.2d 67, 68 (Me.1992)). Nevertheless, Grant argues that his interlocutory appeal should be considered because it falls within each of the three "narrow and well-de-

fined" exceptions to the final judgment rule. *State v. Me. State Employees Ass'n,* 482 A.2d 461, 464 (Me.1984). We disagree.

### A. The Judicial Economy Exception

■ [¶ 6] The judicial economy exception permits consideration of an interlocutory appeal if a review of the interlocutory order establishes a final, or practically final, disposition of the entire litigation, and the interests of justice require that an immediate review be undertaken. *Town of Otis v. Derr,* 2001 ME 151, ¶ 3, 782 A.2d 788, 789. "The [judicial economy] exception applies only when a decision on the appeal before us, regardless of what it is, would effectively dispose of the entire case." *United States of Am. Dep't of Agric. & Rural Hous. Serv. v. Carter,* 2002 ME 103, ¶ 13, 799 A.2d 1232, 1236. Because a judgment in favor of Bruesewitz would not dispose of the case, but rather would require a remand to the trial court with instructions to proceed with the disclosure hearing, the judicial economy exception is inapplicable here.

### B. The Collateral Order Exception

■ [¶ 7] We have previously held that [t]he collateral order exception to the final judgment rule allows an immediate appeal from an interlocutory order ... where (1) that order involves a claim separable from and collateral to the gravamen of the lawsuit; (2) it presents a major and unsettled question of law; and (3) there would be irreparable loss of the rights claimed in absence of immediate review.

*Moshe Myerowitz, D.C., P.A., v. Howard,* 507 A.2d 578, 580 (Me.1986). Although Grant's jurisdictional and venue challenges are separable from and collateral to the gravamen of the disclosure proceeding, they do not present major and unsettled questions of law, and, in the absence of an

immediate review, Grant is not subjected to an irreparable loss of rights.

### C. The Death Knell Exception

■ [¶ 8] The death knell exception allows for an appeal of an interlocutory order "where substantial rights of a party will be irreparably lost if review is delayed until final judgment." *Webb v. Haas,* 1999 ME 74, ¶ 5, 728 A.2d 1261, 1264 (quoting *Cook v. Cook,* 574 A.2d 1353, 1354 (Me. 1990).) The death knell exception applies only to orders that, without an interlocutory appeal, result in a substantial loss or sacrifice of the rights, property, or claim at issue. Alexander, *Maine Appellate Practice,* § 304(a) at 166 (2005). By virtue of his motions to dismiss and for reconsideration, Grant has preserved his challenge to the jurisdiction and venue of the trial court, and may continue to litigate the merits without waiving or otherwise jeopardizing an appeal of these issues once a final judgment is rendered. *See* 1 Field, McKusick & Wroth, *Maine Civil Practice,* § 12.2 at 242 (2d. ed.1970).

[¶ 9] Since Grant has failed to bring himself within the applicability of any of the exceptions to the final judgment rule, his appeal must be dismissed.

The entry is:

Appeal dismissed.