2008 ME 84

**Mavourneen M. TORNESELLO et al.**

v.

**Debra A. TISDALE et al.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Jan. 24, 2008.

Decided: May 15, 2008.

James E. Mitchell, Esq., Jim Mitchell & Jed Davis, P.A., Augusta, ME, for Debra Tisdale.

Daniel J. Stevens, Esq., William P. Saxe, Esq., Pierce Atwood, LLP, Augusta, ME, for Mavourneen and Michael Tornesello.

Panel: CLIFFORD, ALEXANDER, LEVY, SILVER, MEAD, and GORMAN, JJ.

MEAD, J.

[¶ 1] Debra Tisdale, individually and as personal representative of her late husband's estate, appeals from an order of the Superior Court (Kennebec County, *Studstrup, J.*) denying her motion for judgment on the pleadings on a complaint filed by her sister-in-law, Mavourneen Tornesello, and Tornesello's husband Michael. The complaint seeks to recover $1,469,589 for failure to repay a $171,500 loan made in 1987 and memorialized by a promissory note. Tisdale contends that the Tornesellos' claim is time-barred by Maine's six-year general statute of limitations. The Tornesellos argue that Massachusetts's twenty-year statute of limitations controls, or, alternatively, that Maine's six-year period of limitation was tolled by Tisdale's fraud in failing to maintain a life insurance policy as required by the note. Tisdale also appeals from the court's partial denial

of her motion to dissolve its attachment order, primarily contending that Maine's attachment statute is unconstitutional. We dismiss Tisdale's interlocutory appeal from the denial of her motion for judgment on the pleadings, and affirm the attachment order.

## I. BACKGROUND

[¶ 2] We view the facts in the light most favorable to the Tornesellos as the nonmoving parties. *Monopoly, Inc. v. Aldrich,* 683 A.2d 506, 510 (Me.1996) (on motion filed by a defendant for judgment on the pleadings, complaint will not be dismissed for insufficiency "unless it appears to a certainty that under no facts that could be proved" is plaintiff entitled to relief (quotation marks omitted)). Mavourneen Tornesello, married to Michael Tornesello, was the sister of Robert Tisdale Jr., married to Debra Tisdale. In 1987, the Tornesellos loaned the Tisdales $171,500. At Robert's suggestion, the funds for the loan came from the Tornesellos' mortgage of their home in Massachusetts. The loan was memorialized by a promissory note signed by all four parties and notarized. Mavourneen, Michael, and Robert signed the note at the Tornesellos' home in Massachusetts; Debra signed it in Florida. At the time the note was signed and ever since, the Tornesellos have been residents of Massachusetts. The Tisdales resided in Maine or Florida at all relevant times.

[¶ 3] In the note, the Tisdales agreed to repay the principal, plus 11.97% interest, in monthly payments of $1366.55. The note specified that the interest rate would vary with changes in the Tornesellos' mortgage rate. It did not set a date certain by which the debt would be repaid. The note was partially secured by a provision requiring Robert to maintain a $100,000 life insurance policy naming the Tornesellos as beneficiaries.

[¶ 4] Robert died in 2005, having made no payments on the note in the eighteen years since signing it. His estate is being probated in Kennebec County. After his death, the Tornesellos learned that the life insurance policy referenced in the note had lapsed some unknown number of years earlier. Mavourneen avers that, notwithstanding Debra's assertion that neither she nor Robert's estate have assets with which to repay the loan, the Tisdales owned valuable real estate in Maine at the time of Robert's death.

[¶ 5] In October 2006, the Tornesellos filed a one-count complaint in the Superior Court claiming breach of contract and seeking a judgment for $1,469,589.40, representing the loan's unpaid principal plus interest. The court (*Mills, J.*) granted their ex parte motion for an attachment in that amount. Tisdale, asserting the statute of limitations as an affirmative defense, denied the allegations in the complaint and counterclaimed.[1] In November 2006, Tisdale filed a motion for judgment on the pleadings pursuant to M.R. Civ. P. 12(c),[2] and a motion to dissolve the attachment. Once Tisdale asserted her statute of limitations defense, the Tornesellos filed a parallel complaint in Massachusetts, then sought to stay the Maine action. The parties agree that the Massachusetts case has

---

1. Tisdale's counterclaim, based on a separate promissory note from Michael Tornesello, is not at issue in this appeal.

2. The rule provides that, "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Here the parties filed opposing statements of material fact, thereby converting the motion into one for summary judgment. M.R. Civ. P. 12(c).

been stayed pending the outcome in Maine.

[¶ 6] The Superior Court denied Tisdale's motion for judgment on the pleadings, finding that the Tornesellos' assertion of fraud made dismissal improper, and summary judgment inappropriate, regardless of whether the Maine or Massachusetts statute of limitations applied. It further found that Maine's attachment statute is constitutional, but reduced the attachment to $171,500, the amount of the loan principal. Tisdale appealed.

## II. DISCUSSION

### A. Attachment Order

[¶ 7] The Superior Court's partial denial of Tisdale's motion to dissolve the attachment order is immediately appealable as an exception to the final judgment rule. *Commerce Bank & Trust Co. v. Dworman*, 2004 ME 142, ¶ 7, 861 A.2d 662, 665. The court granted the motion in part by reducing the amount attached from $1,469,589, representing the note's principal plus interest, to $171,500, the amount of the principal alone. Tisdale first asserts that the attachment processes established by 14 M.R.S. §§ 2601–3105, 4101–4613 (2007),[3] violate the due process clause of the federal constitution because they give the debtor inadequate notice regarding statutory exemptions and the procedure for claiming them.

[¶ 8] To have standing to challenge the statutes' constitutional validity, Tisdale must show that she suffered an actual injury from their application, not merely a theoretical one. *State v. Sutherburg*, 402 A.2d 1294, 1296 (Me.1979) (constitutional challenge requires showing of "particularized injury"). She argues that

she has standing because the modified order has the potential to attach $171,500 worth of her assets. The record establishes that only $47.78 was actually attached, however, and there is not sufficient evidence that any of that small amount was statutorily exempt. Tisdale cannot show actual harm unless exempt assets were actually attached. Absent that showing, she cannot maintain her constitutional challenge.

[¶ 9] Tisdale next argues that the attachment order must be dissolved because the Tornesellos can no longer show that it is more likely than not that they will recover judgment in the amount of $171,500. *See* M.R. Civ. P. 4A(c), 4B(c). We review the order for clear error and abuse of discretion. *Commerce Bank & Trust Co.*, 2004 ME 142, ¶ 7, 861 A.2d at 665; *Porrazzo v. Karofsky*, 1998 ME 182, ¶ 8, 714 A.2d 826, 828. We will not disturb the motion court's findings "unless there is no competent evidence to support a finding as to the plaintiff's likelihood of success." *Porrazzo*, 1998 ME 182, ¶ 8, 714 A.2d at 828. Tisdale does not dispute that she and her husband's estate still owe the Tornesellos a debt of more than $171,500. The Superior Court's implicit finding that the Tornesellos will likely recover that amount if Tisdale's affirmative defenses fail was not an abuse of its discretion.

### B. Motion for Judgment on the Pleadings

[¶ 10] Maine's general statute of limitations requires that a civil action be brought within six years after the cause of action accrues. 14 M.R.S. § 752 (2007). A contract cause of action accrues at the time of breach. *Dunelawn Owners' Ass'n v. Gendreau*, 2000 ME 94, ¶ 11, 750 A.2d

---

**3.** Title 14 M.R.S. §§ 2601–3105 (2007) authorize the use of trustee process; 14 M.R.S. §§ 4101–4613 (2007) authorize attachments.

591, 595. Both Maine and Massachusetts have statutes extending the time limit to twenty years for "promissory notes signed in the presence of an attesting witness." 14 M.R.S. § 751 (2007); MASS. ANN. LAWS ch. 260, § 1 (LexisNexis 2008). While the two states' statutory language is the same, this Court and the Massachusetts Supreme Judicial Court have split over the question of whether a promissory note must be negotiable in order to qualify for the twenty-year period of limitation. In Maine, non-negotiable notes remain subject to the general six-year limit, while in Massachusetts a non-negotiable note qualifies for the twenty-year limit. *Chapman v. Wight*, 79 Me. 595, 596, 12 A. 546, 547 (1887); *Pierce v. Talbot*, 213 Mass. 330, 100 N.E. 553, 553 (1913).

[¶ 11] Tisdale argues that the note is non-negotiable and should be governed by Maine law, which she claims would time-bar the Tornesellos' suit. The Tornesellos do not dispute that the note is non-negotiable, but counter that because Massachusetts has the most significant relationship to the parties and the transactions involving the note, Massachusetts's twenty-year statute of limitations should control. Before reaching that question, however, we must decide whether Tisdale's interlocutory appeal is ripe for our decision under the final judgment rule.

[¶ 12] Unless an exception applies, "[a] denial of a motion to dismiss an action as barred by the statute of limitations ... is plainly interlocutory and not reviewable until a final judgment has been entered." *Porrazzo*, 1998 ME 182, ¶ 5, 714 A.2d at 827–28 (quotation marks and alteration omitted). The final judgment rule, premised on "the sensible proposition ... that 99 out of 100 times the trial justice will rule correctly and that the occasional error will receive a sufficient although not perfect cure by review after a final judg-

ment is entered," serves important interests. *Id.* ¶ 6, 714 A.2d at 828 (quotation marks omitted); *see also Griswold v. Town of Denmark*, 2007 ME 93, ¶ 16, 927 A.2d 410, 417 (setting out interests served by final judgment rule). Potentially applicable here are three recognized exceptions to the rule: the collateral order exception; the death knell exception; and the judicial economy exception. *U.S. Dep't of Agric. v. Carter*, 2002 ME 103, ¶ 7, 799 A.2d 1232, 1234.

### 1. Collateral Order Exception

[¶ 13] To successfully invoke the collateral order exception, Tisdale must establish three elements: (1) that the denial of her motion for judgment is a final determination of a claim separable from the gravamen of the litigation; (2) that it presents a major unsettled question of law; and (3) that it would result in irreparable loss of her rights, absent immediate review. *Id.* ¶ 8, 799 A.2d at 1234.

[¶ 14] The issue of whether the applicable statute of limitations bars the Tornesellos' breach of contract claim is separate from the claim itself. However, the determination of whether Maine's or Massachusetts's statute of limitations applies in this case does not pose a major unsettled question of law. In a case where a key issue was whether to apply Maine's or New Hampshire's statute of limitations, we articulated the general rule:

> Under traditional choice of law rules, the forum state generally applies its own statute of limitations to a cause of action, even though it may apply the substantive law of another state. There are two exceptions to this rule: (1) where Maine's borrowing statute applies; and (2) where the claim is predicated on a foreign statutory enactment.

*Johanson v. Dunnington,* 2001 ME 169, ¶ 6, 785 A.2d 1244, 1246 (quotation marks and citation omitted).

 [¶ 15] Examining the two exceptions set out in *Johanson,* Maine's borrowing statute, 14 M.R.S. § 866 (2007),[4] which is designed to prevent forum shopping, does not apply here because the parties did not reside in the same state at the same time. *Ouellette v. Sturm, Ruger & Co.,* 466 A.2d 478, 481–82 (Me.1983); *Hossler v. Barry,* 403 A.2d 762, 765 (Me.1979). The foreign enactment exception is also inapplicable. That exception would apply Massachusetts's statute of limitations to the Maine suit if a Massachusetts statute created the cause of action. *Johanson,* 2001 ME 169, ¶ 7, 785 A.2d at 1246; *Hossler,* 403 A.2d at 765. Here, the Torrnesellos' suit is "not predicated upon [a] foreign statutory enactment without which no action could [be] maintained," rather their breach of contract action "rests upon common-law principles." *Hossler,* 403 A.2d at 765; *see also Johanson,* 2001 ME 169, ¶ 7, 785 A.2d at 1246 (finding claim of breach of contract arose from common law, and was not predicated on a specific New Hampshire statute).

 [¶ 16] Furthermore, the purpose of the foreign enactment exception is to prevent an action in Maine " 'if it is barred in the state of the otherwise applicable law by a statute of limitations which bars the right and not merely the remedy.' " *Siegemund v. Shapland,* 247 F.Supp.2d 1, 7 (D.Me.2003) (quoting RESTATEMENT (SECOND) OF CONFLICTS § 143). In this case the opposite is true—Massachusetts would allow the claim under its twenty-year statute of limitations, while the parties dispute whether Maine as the forum state will time-bar it. Because neither exception to

the general rule applies, Maine will apply its statute of limitations to this suit.

[¶ 17] Finally, the collateral order exception is inapplicable because Tisdale suffers no irreparable loss of any right by proceeding to trial, since we can review her statute of limitations defense on direct appeal from a final judgment. *See, e.g., Fleet Nat'l Bank v. Liberty,* 2004 ME 36, 845 A.2d 1183.

### 2. Death Knell Exception

 [¶ 18] The death knell exception is available "if substantial rights of a party will be irreparably lost if review is delayed until final judgment." *Carter,* 2002 ME 103, ¶ 12, 799 A.2d at 1235 (quotation marks omitted). Tisdale's rights will be irreparably lost only if "[she] would not have an effective remedy if the interlocutory determination were to be vacated after a final disposition of the entire litigation." *Id.* Because we can review her statute of limitations argument on appeal from a final judgment, Tisdale does not suffer an irreparable loss of any right if this case goes to trial.

### 3. Judicial Economy Exception

 [¶ 19] This is the exception on which Tisdale principally relies. It is applicable "in those rare cases in which appellate review of a non-final order can establish a final, or practically final, disposition of the entire litigation." *Id.* ¶ 13, 799 A.2d at 1236 (quotation marks omitted). It is only available when a decision on the interlocutory appeal, "regardless of what it is, would effectively dispose of the entire case." *Id.; see also Bruesewitz v.*

---

4. The statute provides, in pertinent part: "No action shall be brought by any person whose cause of action has been barred by the laws of any state, territory or country while all the parties have resided therein."

*Grant*, 2007 ME 13, ¶ 6, 912 A.2d 1255, 1257.[5]

[¶ 20] The flaw in Tisdale's argument lies in her admission that she has other defenses she intends to assert at trial, including laches, in addition to the statute of limitations defense. She acknowledges that other triable issues remain concerning compounding interest and the life insurance policy. In the course of arguing that the attachment order should be dissolved, she maintains that she will likely prevail at a trial on the merits even if the suit is not dismissed on the pleadings. The fact that there will be further litigation required to resolve the case if she does not prevail on this interlocutory appeal precludes application of the judicial economy exception. *See Carter*, 2002 ME 103, ¶ 13, 799 A.2d at 1236.

[¶ 21] Because no exception to the final judgment rule applies, Tisdale's appeal from the denial of her motion for judgment on the pleadings must be dismissed. Accordingly, we do not reach and we leave for the trial court key questions of law, including the following: whether the Tornesellos' single cause of action for breach of contract by non-payment was fraudulently concealed within the meaning of 14 M.R.S. § 859 (2007) if, regardless of the status of the life insurance policy, it is established that the Tisdales did not make required payments and the Tornesellos were aware of that fact; whether the note is a demand note or an installment note, *see Barron v. Boynton*, 137 Me. 69, 71–72, 15 A.2d 191, 192–93 (1940); and the effect of the statute of limitations on the suit depending on whether the note is a demand note or an installment note, *see Hills*

*v. Gardiner Sav. Inst.*, 309 A.2d 877, 883 (Me.1973).

The entry is:

Appeal from the Superior Court's order denying motion for judgment on the pleadings dismissed; order modifying attachment affirmed.

5. The parties each advance a slightly different formulation of the judicial economy exception that predates *Carter* and *Bruesewitz*. In *Porrazzo v. Karofsky*, we said that we would entertain an interlocutory appeal "in exceptional circumstances," when "the application of an affirmative defense is clear and an immediate review is necessary to promote judicial economy." 1998 ME 182, ¶ 6, 714 A.2d 826, 828. Any distinction between the two versions does not alter the result here.