2008 ME 111

Nancy Stanley **BRICKLEY** et al.

v.

**Kim P. HORTON** et al.

Supreme Judicial Court of Maine.

Submitted on Briefs: May 29, 2008.
Decided: July 3, 2008.

Clifford H. Goodall, Esq., Dyer Goodall and Denison, P.A., Augusta, ME, for Kim P. Horton and Jean–Paul Taillon.

Peter R. Roy, Esq., Roy, Beardsley, Williams & Granger, LLC, Ellsworth, ME, for Nancy Stanley Brickley and Susan Stanley.

Panel: SAUFLEY, C.J., and CLIFFORD, ALEXANDER, LEVY, MEAD, and GORMAN, JJ.

SAUFLEY, C.J.

[¶ 1] Intervenors Kim P. Horton and Jean–Paul Taillon received a conditional use permit from the Town of Mount Desert's Planning Board. Nancy Stanley Brickley and Susan Stanley appealed from the issuance of the permit to the Town's Zoning Board of Appeals, which dismissed their appeals. Brickley and Stanley appealed to the Superior Court (Hancock County, *Cuddy, J.*), which vacated the ZBA's dismissal of Brickley's and Stanley's appeals and remanded the matter to the ZBA for consideration of the appeals. Horton and Taillon appeal to us from the Superior Court's order. Because Horton and Taillon's appeal from the order remanding the matter to the ZBA is not an appeal from a final judgment, we dismiss this appeal as interlocutory.

## I. BACKGROUND

[¶ 2] In September 2006, Horton and Taillon applied to the Town of Mount Desert's Planning Board for a conditional use permit to operate a restaurant. The Planning Board approved the permit at a public hearing held on October 10, 2006.

[¶ 3] To appeal from the Planning Board's decision, the objecting abutters were required to initiate their appeal with the Town's ZBA within thirty days after receiving notice of the Planning Board's decision. *See* Reorganization of the Town of Mount Desert Zoning Board of Appeals § 4(C) (Mar. 7, 2001). Pursuant to the Town's ordinances, notice of a Planning Board's decision is deemed to have been received three days after the final decision becomes a public record in the Town Clerk's office. *Id.*

[¶ 4] The Town, however, failed to send abutters Brickley and Stanley written notice of the October 10 public hearing, and they did not attend or participate in that hearing. The Town did not send Brickley and Stanley notice that the conditional use permit had been issued until February 13, 2007.

[¶ 5] On March 1, 2007, Brickley and Stanley each appealed from the approval of the conditional use permit to the Zoning Board of Appeals. They argued that they were not given the required notice of the hearing on the conditional use permit, that the permit should be revoked, and that the matter should be remanded to the Planning Board. In response to the appeal, Horton and Taillon argued that the ZBA must dismiss the appeal as untimely absent a Superior Court determination that the good cause exception applied. *See Viles v. Town of Embden*, 2006 ME 107, ¶¶ 8–13, 905 A.2d 298, 301–02 (describing the good cause exception, which the Superior Court may apply to narrowly extend the time for bringing an appeal to prevent a flagrant miscarriage of justice).

[¶ 6] The ZBA held a hearing on the appeal on April 17, 2007. By a four-to-two vote, the ZBA ruled that Stanley's and Brickley's appeals were untimely and that the ZBA lacked the authority to waive compliance with the appeal period.

[¶ 7] Stanley and Brickley appealed from this decision to the Superior Court pursuant to M.R. Civ. P. 80B. Among other things, they requested that the court exempt them from the timing requirements because they had not received timely notice of the Planning Board's hearing or its resulting decision and had therefore shown good cause for failing to bring timely appeals to the ZBA.

[¶ 8] The court granted Horton and Taillon intervenor status, after which it received briefs from the parties and held oral argument on the matter. Following the hearing, the court entered an order remanding the matter to the ZBA based on its determination that Stanley and Brickley had demonstrated good cause for the late filing of their appeals to the ZBA. Horton and Taillon timely appealed to us from the court's order.

## II. DISCUSSION

[¶ 9] "A final judgment or final administrative action is a decision that fully decides and disposes of the entire matter pending before the court or administrative agency, leaving no questions for the future consideration and judgment of the court or administrative agency." *Carroll v. Town of Rockport*, 2003 ME 135, ¶ 16, 837 A.2d 148, 154. Although neither party raised the issue of the judgment's finality, we may dismiss this appeal sua sponte if we determine that the appeal is unripe because the ZBA's decision is not final. *See Griswold v. Town of Denmark*, 2007 ME 93, ¶ 16, 927 A.2d 410, 416–17.

█ [¶ 10]   Here, the Superior Court remanded the matter to the ZBA for further proceedings.   The ZBA has not, therefore, made a final decision.   Nor does the Superior Court's order of remand constitute a final judgment.   Because no exception to the final judgment rule applies, *see, e.g., Estate of Kingsbury,* 2008 ME 79, ¶ 5, 946 A.2d 389, 392 (death knell exception); *Bruesewitz v. Grant,* 2007 ME 13, ¶ 6, 912 A.2d 1255, 1257 (judicial economy exception), and because a decision from us at this stage would be entirely premature, we dismiss this interlocutory appeal and remand the matter for execution of the Superior Court's order of remand to the ZBA.[1]

The entry is:

Appeal dismissed.   Remanded to the Superior Court for further proceedings consistent with this opinion.

---

1. Whether the ZBA then moves directly to hear the appeal or remands the matter to the Planning Board for rehearing depends on the interpretation of the Town's ordinance and rules, and we do not reach the issue.