2010 ME 111

**Eugene E. AUBRY et al.**

v.

**TOWN OF MOUNT DESERT et al.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Sept. 23, 2010.

Decided: Nov. 2, 2010.

Durward W. Parkinson, Esq., Leah B. Rachin, Esq., Bergen & Parkinson, LLC, Kennebunk, ME, for the Town of Mount Desert.

Clifford H. Goodall, Esq., Dyer Goodall and Denison, P.A., Augusta, ME, for Eugene E. Aubry and Janet C. Aubry.

Panel: SAUFLEY, C.J., and ALEXANDER, LEVY, MEAD, and JABAR, JJ.

**SAUFLEY, C.J.**

■■ This case involves a straightforward question: Can an existing restaurant in the Town of Mount Desert provide outdoor seating to its patrons? In the four years since the restaurant owner applied to the Town for authorization to provide that outdoor seating, the matter has been addressed by the Town's Planning Board, the Town's Zoning Board of Appeals, the Superior Court, and us on multiple occasions. In the middle of the process, when the restaurant owner appealed to us in 2008, we dismissed the appeal and remanded it to the Town because the Town had not completed its adjudication, and therefore the appeal was interlocutory. *Brickley v. Horton*, 2008 ME 111, ¶ 10, 951 A.2d 801, 803. Here, once again, we are confronted with an appeal challenging an order of the Superior Court (Hancock County, *Cuddy, J.*) remanding the matter to the Town, and, as before, we must dismiss the appeal and return the case to the Town for further action.

## I. BACKGROUND

[¶ 2] We begin by summarizing the lengthy history of the permit application process in this matter:

| | |
|---|---|
| September 2006 | Kim P. Horton and Jean–Paul Taillon applied to the Town of Mount Desert Planning Board for a conditional use permit to include additional outdoor seating at Horton's restaurant. |
| October 2006 | The application was approved with the condition that the last seating in the outdoor patio would be at 8:30 p.m. |
| March 2007 | Two abutters appealed from the decision on the ground that they were not given the required notice of the public hearing on the application. *See Brickley,* 2008 ME 111, ¶ 5, 951 A.2d at 802. |
| April 2007 | The Town's Zoning Board of Appeals affirmed the conditional approval. *See id.* ¶ 6, 951 A.2d at 802. |
| November 2007 | Upon appeal by the abutters, the Superior Court vacated the decision of the Zoning Board of Appeals and remanded the matter for notice to the abutters and a rehearing on the merits. *See id.* ¶¶ 7–8, 951 A.2d at 802. |
| July 2008 | Upon Horton and Taillon's appeal to us from the Superior Court's order of remand, *id.* ¶ 8, 951 A.2d at 802, we dismissed the appeal because there was no final judgment, *id.* ¶¶ 9–10, 951 A.2d at 802–03. |
| March 2009 | The Planning Board held a de novo hearing and granted an amended conditional use permit containing several conditions related to the hours and activities allowed in the proposed outside deck area. |
| April 2009 | Horton appealed from this decision to the Zoning Board of Appeals, challenging the imposition of the conditions. |
| May 2009 | The Zoning Board of Appeals held a public hearing and affirmed the decision of the Planning Board. |
| June 2009 | Horton appealed to the Superior Court from the decision of the Zoning Board of Appeals. |
| March 2010 | After substituting Eugene E. and Janet C. Aubry—who had meanwhile purchased the restaurant from Horton—as the plaintiffs, the Superior Court concluded that two sections of the Town's land use ordinance were unconstitutionally vague and represented an unconstitutional delegation of legislative authority. The court declared the conditional use permit issued in 2006 and the conditional use permit on appeal to be void and remanded the matter to the Zoning Board of Appeals for re- |

mand to the Planning Board to decide whether, and under what conditions, to issue a permit based on the remainder of the Ordinance.

[¶ 3]   Before the Planning Board could act on the remand order, the Town appealed from the Superior Court's order.

## II.  DISCUSSION

[¶ 4]   Neither party has argued that this appeal is interlocutory.  Both the Town and the Aubrys recognize, however, that the Superior Court's order directs the Town's Planning Board to engage in additional decision-making.[1]  Whether or not either party raised the issue, however, we will dismiss an appeal sua sponte "if we determine that the appeal is unripe because the . . . decision is not final." *Brickley*, 2008 ME 111, ¶ 9, 951 A.2d at 802.  "A final judgment or final administrative action is a decision that fully decides and disposes of the entire matter pending before the court or administrative agency, leaving no questions for the future consideration and judgment of the court or administrative agency." *Id.* (quotation marks omitted).

[¶ 5]   Because the Superior Court remanded this matter to a municipal decision-maker for further proceedings, the judgment is not final and may be appealed only if an exception to the final judgment rule applies.  *See id.* ¶ 10, 951 A.2d at 803.  There are "three exceptions to the rule that only final judgments are appealable: the death knell, collateral order, and judicial economy exceptions." *E. Perry Iron & Metal Co. v. City of Port-*

*land*, 2006 ME 52, ¶ 7, 896 A.2d 956, 958.  None of these exceptions apply in this matter, however.  The death knell exception does not apply because the Town does not stand to "irreparably lose any substantial rights if review is delayed until final judgment." *Id.* The collateral order exception does not apply because "the order at issue is not separable from and collateral to the underlying lawsuit." *Id.* ¶ 7, 896 A.2d at 959 (quotation marks omitted).  Finally, the judicial economy exception does not apply because the appeal will not "establish a final, or practically final, disposition of the entire litigation," *id.* (quotation marks omitted), and the interests of justice do not require that immediate review be undertaken.  *See York Cnty. Bd. of Realtors v. York Cnty. Comm'rs*, 634 A.2d 958, 960 (Me.1993).  There are a number of ordinance sections that may apply to the permit application and could have an effect on the outcome of the permit application.  *See, e.g.,* Mount Desert, Me., Land Use Zoning Ordinance §§ 5.4, 6.6 (Mar. 7, 2006) (authorizing the imposition of conditions based on a proposed conditional use's compatibility with the permitted uses in the district).

[¶ 6]   We do not entertain interlocutory appeals from orders that remand for additional municipal decision-making unless an exception to the final judgment rule applies.  *See Brickley*, 2008 ME 111, 951 A.2d 801; *Peaker v. City of Biddeford*, 2007 ME 105, 927 A.2d 1169; *Griswold v. Town of Denmark*, 2007 ME 93, ¶¶ 16–18, 927 A.2d 410, 416–17; *E. Perry Iron & Metal Co.*, 2006 ME 52, 896 A.2d 956;

---

1.   The Town acknowledges in its brief that the court "remanded the matter back to the Planning Board."  In its reply brief, it further asserts: "On remand, the Planning Board will almost certainly impose identical conditions based on other applicable ordinance provisions."  The Aubrys also recognize in their brief that the Superior Court "remanded the matter back to the Mount Desert Zoning Board of Appeals for a remand back to the Planning Board 'to issue a Conditional Permit, as may be necessary and authorized under the Land Use Zoning Ordinance of Mount Desert consistent with the remaining ordinance and this opinion.' "

*Malonson v. Town of Berwick,* 2003 ME 148, 838 A.2d 338; *Doggett v. Town of Gouldsboro,* 2002 ME 175, 812 A.2d 256. An unripe appeal, followed by our necessary dismissal, needlessly consumes additional time and resources. With a process that is already complex—involving Planning Board hearings, full Zoning Board of Appeals review,[2] and review by the Superior Court—we urge parties involved in municipal proceedings to carefully review the issue of finality before appealing from an order that remands a matter to another decision-maker.

[¶ 7] In summary, because the Superior Court remanded this matter for the Planning Board to reconsider the application for a conditional use permit, the judgment is not final. No exception to the final judgment rule applies. We dismiss the appeal as unripe and interlocutory.

The entry is:

Appeal dismissed.

**2.** Although the review by the Zoning Board of Appeals is not a de novo review, this second level of municipal review does require an additional public hearing. *See* Mount Desert, Me., Reorganization of the Zoning Board of Appeals § 4(A)(1), (D) (Mar. 7, 2001). Should it choose to do so, the Town has the authority to amend its Ordinance to minimize delays in adjudication by, for instance, providing for direct appeal from the Planning Board to the Superior Court in its municipal ordinance. *See* 30-A M.R.S. § 4353(1), (2) (2009); *see also* 30-A M.R.S. §§ 3001–3014 (2009) (governing municipal ordinance authority).