2012 ME 25

**TOWN OF MINOT**

v.

**Chuck R. STARBIRD.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Jan. 30, 2012.

Decided: March 6, 2012.

Scott J. Lynch, Esq., Hornblower Lynch Rabasco & Van Dyke, P.A., Lewiston, for appellant Chuck R. Starbird.

Norman J. Rattey, Esq., and Adam R. Lee, Esq., Skelton, Taintor & Abbott, Auburn, for appellee Town of Minot.

Panel: ALEXANDER, LEVY, SILVER, MEAD, and JABAR, JJ.

MEAD, J.

[¶ 1] Chuck R. Starbird appeals from the judgment and order of the Superior Court (Androscoggin County, *MG Kennedy, J.*) following a hearing pursuant to M.R. Civ. P. 80B. The Town of Minot instituted this 80B appeal in the Superior Court, arguing that the Town's own Board of Appeals erred when it concluded that the term "right-of-way," as used in section 4–501.8 of the Town's Land Use Code,[1]

---

1. Section 4–501.8 of the Town's Land Use Code provides:

Back lots may be developed for uses permitted in the District if they are or can be provided with a right-of-way that connects with a public street, a privately-owned street which privately-owned street meets the standards contained in Chapter 8 ... or in an approved subdivision and which complies with the following provisions:

If a back lot is accessible only by a legally enforceable right-of-way, it may be used if the following conditions are met:

A. The right-of-way must be conveyed by deed recorded in the Androscoggin County Registry of Deeds to the owner of the back lot and be a minimum of 33 feet in width.

B. A legal description of the right-of-way by metes and bounds shall be attached to any building permit application for construction on the back lot.

C. Except for lots recorded on the effective date of this Ordinance, the right-of-way deed must be recorded in the Androscoggin County Registry of Deeds at the time the back lot is first deeded out as a separate parcel.

D. Creation of the right-of-way to serve the back lot shall not create a non-conforming front lot by reducing such lot's required road frontage below the minimum, or, if the front lot is already nonconforming, with respect to road frontage, reduce its road frontage at all. Where the right-of-way is conveyed by easement or irrevocable license, or some grant less than a fee interest, the land over which such servitude is placed may not be counted toward meeting road frontage requirements for the front lot.

E. The right-of-way may serve only one principal use or structure except the right-of-

included a "public easement." Although the court determined that the Board's legal conclusion was correct, it found that the Board's factual findings were incomplete with regard to other provisions of the ordinance and remanded the case to the Board for further proceedings. The Town argues that Starbird's appeal is interlocutory and should be dismissed. Starbird argues that we should reach the merits of his case in the interest of judicial economy. We first conclude that it is proper and in the interest of judicial economy to reach the merits of Starbird's appeal. Next, having reviewed the merits, we affirm that portion of the Superior Court's judgment that affirms the Board's decision, but vacate that portion that remands for further findings.

## I. BACKGROUND

[¶ 2] On September 26, 2007, the District Court (Lewiston, *Gorman, J.*) entered a declaratory judgment finding that a portion of York Road in Minot was a public easement. Starbird submitted an application for a building permit to the Town's Code Enforcement Officer (CEO) on May 14, 2010, for the construction of a single-family dwelling on a lot that abuts the public easement portion of York Road. The CEO denied the application on June 11, 2010, citing a lack of road frontage or a private right-of-way.

[¶ 3] Starbird appealed the CEO's decision to the Board on July 6, 2010, arguing that he had sufficient road frontage on the public easement, which was a right-of-way, and that his property could also be developed as a "back lot" pursuant to section 4–501.8. The Board denied his appeal on September 15, 2010.

[¶ 4] On November 9, 2010, at Starbird's request, the Board reconsidered its September 15 decision. The Board voted three-to-one, with one member abstaining, to reverse its previous decision. The Board noted that the CEO had denied Starbird's appeal because the parcel lacked road frontage or a private right-of-way. The Board found, however, that Starbird's application had been for the proposed construction of a single-family dwelling on an approximately five acre lot with 250 feet of road frontage on York Road, and concluded that "[t]he right-of-way referred to in § 4–501.8 of the Land Use Code includes a public easement." As a result, the Board granted Starbird's appeal.

[¶ 5] On November 19, 2010, the Town appealed the Board's November 9 decision to the Superior Court pursuant to M.R. Civ. P. 80B. The court held a hearing on June 8, 2011. During the hearing, the Town made it clear that it was challenging only the legal conclusion that the public easement constituted a right-of-way for the purposes of the ordinance; the Town expressly abandoned any argument on the basis of insufficient factual findings:

way may serve two dwelling units if a common driveway is constructed meeting the standards of Chapter 4–501.3. If the right-of-way is to serve more than two dwelling units a road meeting the requirements of Chapter 8 is required.

F. No more than one right-of-way for back lot development may be created out of a single lot fronting on a state or town maintained road or private road unless each subsequent right-of-way is created out of at least an additional frontage as required in that District, and the right-of-way entrances to such road are at least the required frontage plus half of the right of way width.

G. Each principal structure on back lots shall be located within the area defined by a circle with a minimum diameter equal to the required road frontage as required in the District.

Minot, Me., Land Use Code § 4–501.8 (Mar. 1, 2008).

STARBIRD'S COUNSEL: And by the way, Your Honor, there's no issue raised by the Town that they haven't gone through the [section 4–501.8(A–G) ] factors. They—their argument is that they just think that there's an error of law.

TOWN'S COUNSEL: Correct.

COURT: Okay. And I appreciate that the Town doesn't raise that. That's sort of my—my—I'm raising that, that isn't that something that they have to do,—

TOWN'S COUNSEL: And they did.

COURT:—and they have to make findings—

STARBIRD'S COUNSEL: They did.

COURT:—with regard to those?

TOWN'S COUNSEL: Well, the findings are implicit in the fact that—

COURT: Well, they're implicit, but are they there?

. . . .

TOWN'S COUNSEL: I think if you look at the minutes, Your Honor, you'll—you'll be satisfied that—

COURT: That they actually did consider—

TOWN'S COUNSEL: Yeah, that—

COURT:—all the things—

TOWN'S COUNSEL:—they actually did that.

COURT: And you think that the minutes are sufficient, and it doesn't have to be actually in their . . .

TOWN'S COUNSEL: I think if you look at—

. . . .

TOWN'S COUNSEL: No, I think if you look at the cases, Your Honor, you'll see that it's—

COURT: Okay.

TOWN'S COUNSEL:—in the minutes.

. . .

TOWN'S COUNSEL: That that's—that's—that's sufficient.

[¶ 6] After the hearing, the court issued a written decision on June 20, 2011. The court concluded that a public easement is a type of right-of-way, and therefore the Board did not err when it determined that the term right-of-way, as it was used in section 4–501.8, included a public easement. However, the court went on to address whether the Board had considered all of the factors listed in section 4–501.8(A)–(G). The court found that the Board's findings of fact did not adequately explain whether Starbird's application met all of the additional requirements of subsections (A)-(G) and on that basis remanded the case to the Board for further factual findings. Starbird then instituted this appeal.

## II. DISCUSSION

### A. The Final Judgment Rule

[¶ 7] Our first task is to determine whether Starbird's appeal is ripe for review. We have often explained that "appeals from court orders remanding a matter to another court or administrative agency for further action are interlocutory appeals that we will not address on the merits until the action on the remand has been completed." *Doggett v. Town of Gouldsboro,* 2002 ME 175, ¶ 8, 812 A.2d 256; *see also Aubry v. Town of Mount Desert,* 2010 ME 111, ¶¶ 5–6, 10 A.3d 662; *Brickley v. Horton,* 2008 ME 111, ¶ 10, 951 A.2d 801; *Malonson v. Town of Berwick,* 2003 ME 148, ¶ 2, 838 A.2d 338. We adhere to this principle because an order remanding a matter to a municipal decision-maker for further proceedings is not a final judgment. *Brickley,* 2008 ME 111, ¶ 10, 951 A.2d 801. Thus, we generally require proceedings on remand to be completed before entertaining an appeal so that "if there is a further appeal, all issues can be considered once, after the clarifica-

tion intended by the remand." *Doggett,* 2002 ME 175, ¶ 7, 812 A.2d 256. *See also* M.R. Civ. P. 80B(m) ("If the Superior Court remands the case for further proceedings, all issues raised on the Superior Court's review of the governmental action shall be preserved in a subsequent appeal taken from a final judgment entered on review of such governmental action.").

[¶ 8] However, we may hear an interlocutory appeal from a court order remanding a matter to a municipal decision-maker for further proceeds if an exception to the final judgment rule applies. *Aubry,* 2010 ME 111, ¶ 5, 10 A.3d 662. There are three well-established exceptions to the final judgment rule: the death knell, collateral order, and judicial economy exceptions. *Id.* Starbird argues that this appeal falls within the judicial economy exception. We agree.

[¶ 9] The judicial economy exception may be invoked "in those rare cases in which appellate review of a non-final order can establish a final, or practically final, disposition of the entire litigation. It applies only when a decision on the appeal ... regardless of what it is, would effectively dispose of the entire case." *Bond v. Bond,* 2011 ME 105, ¶ 12, 30 A.3d 816 (quotation marks omitted). Further, we must be persuaded that "the interests of justice require that an immediate review be undertaken." *Bruesewitz v. Grant,* 2007 ME 13, ¶ 6, 912 A.2d 1255; *see also Town of Otis v. Derr,* 2001 ME 151, ¶ 3, 782 A.2d 788. In almost every situation in which an appeal is taken from a non-final judgment that requires further proceedings, our decision will only effectively dispose of the entire matter if we decide in favor of one alternative, but would require

further litigation if we were to reach the opposite conclusion, thereby precluding application of the exception. *See Tornesello v. Tisdale,* 2008 ME 84, ¶ 20, 948 A.2d 1244; *Bruesewitz,* 2007 ME 13, ¶ 6, 912 A.2d 1255; *U.S. Dep't of Agric., Rural Hous. Serv. v. Carter,* 2002 ME 103, ¶ 13, 799 A.2d 1232.

[¶ 10] Here, however, we are faced with unique and peculiar circumstances. The CEO denied Starbird's permit, determining that Starbird lacked sufficient road frontage or a right-of-way. The Board eventually overturned that determination, concluding that a public easement was a right-of-way for purposes of section 4–501.8 of the Land Use Code. The Town then appealed its own Board's legal conclusion pursuant to M.R. Civ. P. 80B. At the Rule 80B hearing, the Town expressly and unequivocally abandoned any argument that the Board's findings of fact on the (A)-(G) criteria were insufficient to support its decision to grant Starbird's appeal and affirmatively represented that the only determination it was challenging was the Board's legal interpretation of the term "right-of-way." Despite the fact that the (A)-(G) criteria were not at issue, the court remanded for further findings on those points.[2]

[¶ 11] We have explained that "Rule 80B does not create judicial authority to review governmental action or inaction. The [R]ule provides the *procedure* when governmental conduct is subject to direct judicial review...." *F.S. Plummer Co. v. Town of Cape Elizabeth,* 612 A.2d 856, 859 (Me.1992). Accordingly, the Town, as the party seeking to overturn the Board's decision pursuant to Rule 80B,

---

**2.** The parties addressed the (A)-(G) criteria in their arguments, but only to the extent that inclusion of these elements within the ordinance itself supported their positions on whether a public easement would satisfy the ordinance requirement of a right-of-way. No party suggested that the criteria were not considered or satisfied.

had the burden of persuasion before the Superior Court. *Aydelott v. City of Portland,* 2010 ME 25, ¶ 10, 990 A.2d 1024. The Town categorically waived any argument that the Board's factual findings were insufficient to support its decision; therefore, the Town could not prevail on that basis.[3] *See, e.g., Lakeside at Pleasant Mountain Condo. Ass'n v. Town of Bridgton,* 2009 ME 64, ¶ 19, 974 A.2d 893 (explaining that a party could not prevail on its argument that the use of an easement exceeded the scope contemplated by the parties because it had previously agreed that it was not claiming that the actual use of the easement constituted an overburdening). As a result, it was unnecessary for the court to address whether the Board's factual findings were adequate to support its decision.[4]

[¶ 12] Although an appeal from a court order remanding a matter to an administrative or governmental agency will almost always be dismissed as interlocutory, when a cursory review of the record reveals an obvious flaw in the court's decision to remand a matter for further proceedings, we will not hesitate to reach the merits of an appeal if the remaining issues fall within an exception to the final judgment rule.

[¶ 13] Here, a decision as to whether the Board erred by concluding that the term "right-of-way" included a public easement, regardless of what that decision is, will effectively dispose of this litigation. Further, given these unique circumstances, a decision on the merits of this appeal will serve the interests of judicial economy. *Cf. Efstathiou v. Aspinquid, Inc.,* 2008 ME 145, ¶ 23, 956 A.2d 110; *Williams v. Williams,* 1998 ME 32, ¶ 7, 706 A.2d 1038; *Mahaney v. Miller's, Inc.,* 669 A.2d 165, 168 (Me.1995).

**B. The Board's Legal Conclusion**

[¶ 14] Starbird maintains that the Board correctly concluded that the term "right-of-way" includes a public easement for purposes of section 4–501.8 of the Land Use Code. We review the Board's interpretation of the ordinance de novo. *Bizier v. Town of Turner,* 2011 ME 116, ¶ 14, 32 A.3d 1048. "We examine an ordinance for its plain meaning and construe its terms reasonably in light of the purposes and objectives of the ordinance and its general structure." *Id.* (quotation marks omitted). "If an ordinance is clear on its face we will look no further than its plain meaning." *Id.*

Section 4–501.8 provides, in relevant part:

> Back lots may be developed for uses permitted in the District if they are or can be provided with a right-of-way that connects with a public street, a privately-owned street which privately-owned street meets the standards contained in Chapter 8 . . . or in an approved subdivision and which complies with the following provisions:

> If a back lot is accessible only by a legally enforceable right-of-way, it may be used if [seven] conditions are met.

---

**3.** We have recognized that "[a]s a matter of prudent administration, a municipality does not lightly exercise the power to challenge a decision of its own adjudicatory board of appeals, but it retains that power in the exceptional case where the municipal officers believe the board of appeals is manifestly wrong." *Crosby v. Town of Belgrade,* 562 A.2d 1228, 1231 (Me.1989). Accordingly, we find it highly unlikely the Town would cast aside an issue upon which it believed the Board was manifestly wrong.

**4.** We also note that inadequacy of the findings alone is not a reason to overturn the Board's decision. *Forester v. City of Westbrook,* 604 A.2d 31, 33 (Me.1992). When the record contains sufficient evidence, the Board's decision "will be deemed supported by implicit findings." *Id.*

Minot, Me., Land Use Code § 4–501.8. The Town argues that the term "right-of-way," as used in the relevant provisions of section 4–501.8, means a private right-of-way and therefore cannot include a public easement. We disagree.

[¶ 15] We have recently interpreted almost identical language in another municipality's zoning ordinance and concluded that modification of the term "right-of-way" with the phrase "legally enforceable" suggests a subcategory of rights-of-way held by non-fee owners.[5] *Bizier*, 2011 ME 116, ¶ 18, 32 A.3d 1048. Taken together in the context of this provision, " 'legally enforceable right-of-way' means something other than ownership of property in fee simple." *Id.* Further, the term "public easement" is statutorily defined as "an easement held by a municipality for purposes of public access to land or water not otherwise connected to a public way." 23 M.R.S. § 3021(2) (2011). Accordingly, the Board did not err in concluding that the term "right-of-way," for purposes of the provisions in section 4–501.8 applicable to Starbird's building permit application, includes a public easement.

## III. CONCLUSION

[¶ 16] We continue to stress that parties engaged in municipal or administrative proceedings carefully and thoughtfully

consider "the issue of finality before appealing from an order that remands a matter to another decision-maker." *Aubry*, 2010 ME 111, ¶ 6, 10 A.3d 662. Our decision today does nothing to erode the well-established rule that appeals from remands for further findings will almost always be dismissed as interlocutory. It is the unique circumstances and configuration of this matter that cause us to conclude that Starbird's interlocutory appeal falls within the judicial economy exception to the final judgment rule and, having considered the merits of the appeal, determine that the Board did not err by granting Starbird's appeal of the denial of his building permit application.

The entry is:

That portion of the Superior Court's judgment affirming the legal conclusions of the Board of Appeals is affirmed, but that portion remanding this matter to the Board of Appeals for further findings is vacated. Remanded to the Superior Court for the entry of a judgment affirming the decision of the Board of Appeals.

---

**5.** In *Bizier v. Town of Turner*, the term right-of-way was defined in the Town of Turner's Zoning Ordinance as "[a]ll public or private roads and streets, state and federal highways, private ways (now called public easements), and public land reservations for the purpose of public access, including utility rights-of-way." 2011 ME 116, ¶ 18, 32 A.3d 1048 (quotation marks omitted). Although the Town's Land Use Code does not define the term "right-of-way," a general legal definition includes "[t]he right to pass through property owned by another" or "[a] strip of land subject to a nonowner's right to pass through." Black's Law Dictionary 1440 (9th ed.2009). Any distinction that may be drawn between these definitions does not change our interpretation here.