Majority: SAUFLEY, C.J., and MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ. Concurrence/Dissent: ALEXANDER, J. JABAR, J. [¶ 1] Fred and Eleanor Taylor appeal from a judgment of the Superior Court (Androscoggin County, MG Kennedy, J.) vacating the District Court’s (Lewiston, Oram, J.) order denying Mark Walker’s motion to set aside a small claims judgment entered in the District Court (Ende, J.). Although the appeal is interlocutory, given the legislative direction that small claims matters proceed expeditiously, see 14 M.R.S. § 7481 (2016); M.R.S.C.P. 1, we address the appeal pursuant to the judicial economy exception and remand for further proceedings. I. BACKGROUND [¶ 2] The following facts are set forth in the record. See M.R. Civ. P. 76F(a). The Taylors are homeowners residing in Auburn. Walker is the president of an insulation installation company. In the spring of 2015, the Taylors contracted with Walker’s company to install foam insulation in their home. The Taylors allege that the job was done unsatisfactorily and that the method Walker’s company used to install the insulation damaged the home’s roof and siding. The Taylors subsequently initiated a small claims action in the District Court against Walker seeking damages of $4,256 plus costs. A hearing on the Taylors’ statement of claim was scheduled for July 5, 2016. [¶ 3] On the day of the hearing, Walker failed to appear, and the court (Ende, J.) entered a default judgment in favor of the Taylors. Later that same day, Walker submitted to the court a letter in which he alleged that he had appeared at the wrong courthouse, and when he realized his mistake, he made efforts to get to the hearing in a timely fashion. In his letter, Walker alleged that he finally arrived at the correct location approximately two-and-a-half-hours after the hearing was scheduled to begin. The District Court accepted the letter as a motion to set aside the default judgment[1] and in a handwritten order, without conducting a hearing, the court (Oram, J.)[2] denied that motion. The court’s order states in pertinent part, “After considering the filings, [Walker’s] motion to set aside default is denied.” [¶4] Walker subsequently appealed to the Superior Court. See M.R.S.C.P. 11(a). The Superior Court vacated the District Court’s order denying Walker’s motion to set aside the default judgment. It made factual findings, entered an order setting aside the default, and remanded the matter to the District Court for a hearing on the Taylors’ underlying claims. In its judgment, without hearing from Walker and the Taylors, the Superior Court made various factual findings and credibility determinations, found that the circumstances described in Walker’s motion to set aside the default judgment constituted excusable neglect, ■ and therefore concluded that the District Court abused its discretion in denying his motion. M.R.S.C.P. 9; M.R. Civ. P. 60(b). The Taylors then filed a motion for reconsideration, which the Superior Court denied. See M.R. Civ. P. 59(e). They now appeal from the order setting aside the default. II. DISCUSSION A. Process for Appealing Small Claims Judgments [¶ 5] The Superior Court has limited and specific authority when a small claims matter is appealed. See 4 M.R.S. § 105(3)(B)(2) (2016); 14 M.R.S. § 7484-Ad) (2016); M.R.S.C.P. 11(d). If a defendant appeals and seeks a trial of the facts, the defendant must include a jury trial request and pay the required fee for a jury trial in the Superior Court. See M.R.S.C.P. 11(d)(2); Revised Court Fees Schedule and Document Management Procedures, Me. Admin. Order JB-Ó5-26 (as amended by A. 7-16), § 1(A)(3) (effective July 29, 2016). However, a plaintiff, having chosen the small claims forum, may appeal only on questions of law and cannot appeal and request another trial of the facts. See M.R.S.C.P. 11(d)(1). [¶ 6] A party may appeal a small claims order to the Superior Court to raise issues of law or, as is the case here, to challenge an exercise of discretion not related to the court’s factual findings on the substance of a motion. See M.R.S.C.P. ll(d)(l)-(2). Thus, although the Superior Court may' not decide facts in a small claim appeal when acting in a purely appellate capacity, the court may review challenges to the District Court’s application of the law or, in rare circumstances, the Superior Court may review the District Court’s exercise of discretion in a making a determination that is not related to the trial of facts on the merits of the claim. See id B. Final Judgment Rule [¶ 7] Here, Walker appealed from the District Court’s exercise of discretion in denying his motion to set aside the default. Thus, the Superior Court’s authority was purely on questions of law. Nonetheless, it made independent factual findings, vacated the District Court’s order, and remanded the matter for a trial on the substance of the complaint. [¶8] The matter is not yet final because there is further action to be taken in the District Court. Griswold v. Town of Denmark, 2007 ME 93, ¶ 17, 927 A.2d 410. Therefore, the appeal to us is interlocutory and is not ripe for appellate review unless an exception to the final judgment rule applies. See Doggett v. Town of Gouldsboro, 2002 ME 175, ¶ 8, 812 A.2d 256 (“We have regularly held that appeals from court orders remanding a matter to another court ... for further action are interlocutory appeals ....”); Aubry v. Town of Mt. Desert, 2010 ME 111, ¶ 5, 10 A.3d 662; Fiber Materials, Inc. v. Subilia, 2009 ME 71, ¶¶ 12-13, 974 A.2d 918. “A party urging that we reach the merits of an otherwise interlocutory appeal has the burden of demonstrating to us that one of th[e] exceptions to the final judgment rule justifies our reaching the merits of the appeal.” Sanborn v. Sanborn, 2005 ME 95, ¶ 6, 877 A.2d 1075. [¶ 9] Because the Superior Court’s authority did not extend to deciding the facts related to the motion to set aside default, and because of the unique and expedited nature of a small claims matter, see 14 M.R.S. § 7481; M.R.S.C.P. 1, we conclude that the judicial economy exception applies. Accordingly, rather than simply dismissing the matter without comment, we address the ' authority of the Superior Court and the process on remand. C. Superior Court Authority and Remand [¶ 10] As noted above, the Superior Court vacated the District Court’s order denying Walker’s motion to set aside the default judgment and entered judgment in Walker’s favor on that motion. In doing so, the Superior Court made certain factual findings that exceeded its authority and vacated an exercise of the District Court’s discretion based on the facts that it found independently, ■ without the authority for fact finding or a record upon which to review the facts. The District Court was authorized to deny the motion without a hearing upon concluding that the facts alleged in Walker’s motion, even if proved, did not constitute excusable neglect -for the purposes of M.R. Civ. P. 60(b). See Laurel Bank & Tr. Co. v. Burns, 398 A.2d 41, 45 (Me. 1979) (stating that a party seeking relief from judgment bears the burden of presenting competent evidence demonstrating his entitlement to relief pursuant to M.R. Civ. P. 60(b)). Acting as the appellate tribunal here, the Superior Court was not at liberty to independently make the factual findings that formed the basis of its decision to grant Walker’s motion. Cf. Suzman v. Comm’r, Dep’t of Health & Human Servs., 2005 ME 80, ¶ 24, 876 A.2d 29 (“Neither this Court nor the Superior Court, acting in an appellate capacity, is free to make factual findings independent of those made by [an] agency .... ”); see also Sheepscot Land Corp. v. Gregory, 383 A.2d 16, 24 (Me. 1978) (“Whether the default entry or default judgment resulted from factual circumstances justifying relief is a question of fact and must be proven by evidence ....”). [¶ 11] Thus, assuming that, as an appellate court, the Superior Court identified an important factual allegation in the record before it that would necessitate fact-finding, it should have exercised its appellate authority to remand the matter to the District Court for an evidentiary hearing on the motion to set aside the default. [¶ 12] We therefore remand to the Superior Court with instructions to determine whether the allegations set forth in Walker’s motion to set aside the default necessitated an evidentiary hearing on the motion. If the Superior, Court determines that the District Court abused its discretion in deciding the motion without a hearing, it will remand the. matter to the . District Court for a hearing on Walker’s motion. If the Superior Court determines that the District Court did not abuse its discretion in adjudicating the motion to set. aside the default without a hearing, the Superior Court must affirm the .District Court’s denial of the motion to set aside the default and affirm the judgment in-favor of the Taylors. The entry is: Order of the Superior Court vacated. The matter is remanded to the Superior Court with instructions to determine whether to remand the case to the District Court for an evidentiary hearing on the motion to set aside the default or to affirm the District Court’s judgment. . M.R.S.C.P. 9, the rule governing motions to set aside small claims judgments, incorporates the provisions of M.R. Civ. P. 60. . It is not clear from the record why the District Court judge who presided over the small claims trial list was not the judge who acted on Walker’s motion to set aside the default.