1999 ME 160

## DAIRYLAND INSURANCE CO.

v.

## Daniel CHRISTENSEN et al.

Tammy Curtis and Estate
of Loretta Rumney

v.

## Allstate Insurance Co.

Supreme Judicial Court of Maine.

Argued Nov. 1, 1999.
Decided Nov. 15, 1999.

David M. Glasser, (orally), Camden, for appellants.

Martica S. Douglass, (orally), James E. Fortin, Douglass, Denham, Rodgers & Hood, Portland, (for Allstate Ins. Co.), Richard D. Hewes, Portland, (for Dairyland Ins. Co.), Stephen C. Whiting, Portland, (for Misty Temple), Stephen F. Wright, Portland, (for Mandi Gray), William P. Brady, pro se, Bucks Harbor, for appellees.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

ALEXANDER, J.

[¶ 1] Tammy Curtis and the Estate of Loretta Rumney appeal from entry of summary judgment in favor of Allstate Insurance Co. by the Superior Court (Waldo County, *Marden, J.*) on the third-party complaint of Curtis and the Rumney Estate regarding the level of Allstate's responsibility for uninsured motorist policy payments. Because this appeal is interlocutory, and not subject to any exception to the final judgment rule established by the Rules of Civil Procedure or our precedents, we dismiss the appeal.

## I. CASE HISTORY

[¶ 2] In June 1997, while riding in Tammy Curtis's automobile in Belfast, Curtis and her passenger, Loretta Rumney were involved in a collision with another automobile operated by Daniel Christensen that contained five passengers. The occupants of both vehicles were injured, Ms. Rumney fatally. Christensen was insured under an automobile liability policy by Dairyland Insurance Co. with statutory minimum coverage of $20,000 per person and $40,000 per accident. *See* 29–A M.R.S.A. § 1605(1)(C) (1996).[1] Curtis's automobile was insured by an Allstate policy including uninsured motorist coverage of $100,000 per person and $300,000 per occurrence. The stipulated injury claims of Curtis and the Rumney Estate each exceed $100,000 in value. It is also stipulated that the collision was solely and exclusively due to Christensen's negligence.

[¶ 3] Curtis and the Rumney Estate each were paid $80,000 by Allstate pursuant to its uninsured motorist policy on Curtis's automobile. In consideration of payment, Curtis and the Rumney Estate signed release and indemnity agreements that reserved their right to seek the remaining $20,000 per person plus interest.

[¶ 4] Dairyland filed a complaint for interpleader and declaratory relief seeking a determination as to how it should distribute the $40,000 available under Christen-sen's liability insurance policy among the seven claimants. Curtis and the Rumney Estate then filed a third-party complaint against Allstate demanding payment of the remaining $20,000 per person balance under Allstate's uninsured motorist insurance policy. Allstate, Curtis, and the Rumney Estate filed cross motions for summary judgment. The court ruled in favor of Allstate; and Curtis and the Rumney Estate filed this appeal.

[¶ 5] The underlying action by Dairyland remains active, with discovery ongoing. Curtis and the Rumney Estate may recover additional funds, in an amount not yet determined, from Dairyland.

## II. DISCUSSION

[¶ 6] A summary judgment entered on the third-party complaint is an interlocutory order: "subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." M.R. Civ. P. 54(b)(1).[2] The appeal by Curtis and the Rumney Estate from the summary judgment was taken directly to this Court. Neither before, nor since filing the appeal, have the appellants attempted to (i) secure a ruling under M .R. Civ. P. 54(b)(1) rendering the court's summary judgment final for purposes of appeal, *see e.g., Gafner v. Down East Community Hosp.*, 1999 ME 130, ¶ 7, 735 A.2d 969, 972; (ii) sought to report the matter under M.R. Civ. P. 72(c),

---

1. The Legislature revised the statutory minimum coverage upward in 1997 to $50,000 per person and $100,000 per accident. *See* P.L.1997, ch. 176, § 5(1) *as codified at* 29–A M.R.S.A. § 1605(1)(C) (Pamph.1998).

2. M.R. Civ. P. 54(b)(1) provides:
   (b) Judgment Upon Multiple Claims or Involving Multiple Parties; Attorney Fees.
   (1) Except as otherwise provided in paragraph (2) of this subdivision and in Rule 80(d), when more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, except those enumerated in paragraph (2) of this subdivision and in the last sentence of Rule 80(d), which adjudicates less than all the claims or the rights and liabilities of less than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

see *White v. Fleet Bank,* 1999 ME 148, ¶ 3, 739 A.2d 373; or (iii) sever the third-party complaint from the remaining action, which would have rendered the summary judgment on the third-party complaint final, *see* M.R. Civ. P. 14. In fact, when Dairyland filed a motion to bifurcate its ongoing declaratory judgment action from the third-party complaint action, appellants opposed that effort, asserting significant interest in the ongoing action that might be prejudiced by bifurcation or severance.

[¶ 7] Having failed to avail themselves of any of the procedural choices that could have assured consideration of the merits of their appeal, appellants present themselves, essentially, as challenging a partial summary judgment ruling that "is subject to revision at any time" before final judgment in the underlying action. The appellants argue that judicially created exceptions to the final judgment rule justify consideration of the merits of their appeal.

[¶ 8] The appeal does not qualify under the "death knell" exception to the final judgment rule, as the appellants' rights will not be irreparably lost if review is delayed until final judgment. *See Tungate v. MacLean–Stevens Studios, Inc.,* 1997 ME 113, ¶ 5, 695 A.2d 564, 565; *Lewellyn v. Bell,* 635 A.2d 945, 946–47 (Me.1993). The cost and delay of litigating the claims involving Dairyland, which appellants cite as a justification for their death knell exception claim, does not qualify as a loss of substantial rights or permanent foreclosure of relief. If it were otherwise, and the cost of further litigation alone justified interlocutory appeals, a further cost of litigation exception would swallow the final judgment rule, opening every interlocutory ruling to appeal.

[¶ 9] Appellants also argue that the merits of their appeal should be reached under the collateral order exception. The collateral order exception applies to permit immediate review of an interlocutory order which: (1) involves a claim separable from and collateral to the underlying lawsuit; (2) presents a major and unsettled question of law; and (3) results in an irreparable loss in the absence of immediate review. *See Lewellyn,* 635 A.2d at 947; *Pierce v. Grove Mfg. Co., Inc.,* 576 A.2d 196, 199–200 (Me.1990). Here, the issue of concern to the appellants is a claim separable from and collateral to the underlying lawsuit, although appellants resisted Dairyland's efforts to separate the underlying lawsuit. However, lack of immediate review would not appear to result in any irreparable loss to the appellants. The question may be preserved and addressed on appeal after the entire case is resolved.

[¶ 10] As noted above, the fact that the appellants may incur some delay in resolution of the issue and some cost in pursuing the remainder of the litigation, does not amount to such an irreparable loss as would justify immediate review of the interlocutory order under the collateral order exception. Such is particularly the case where, as here, the appellants had procedural options available to them, which they elected not to utilize, to bring this matter to this Court on the merits.

[¶ 11] This discussion also makes it evident that the issue presented on appeal does not, in its present posture, qualify for the extraordinary circumstances exception to the final judgment rule, *see First Nat'l Bank of Boston v. City of Lewiston,* 617 A.2d 1029, 1030 (Me.1992).

The entry is:

Appeal dismissed.