2006 ME 52

**E. PERRY IRON & METAL CO., INC.**

**v.**

**CITY OF PORTLAND.**

Supreme Judicial Court of Maine.

Submitted On Briefs: Oct. 24, 2005.

Decided: May 8, 2006.

David M. Hirshon, Esq., Marshall J. Tinkle, Esq., Tompkins, Clough, Hirshon & Langer, Portland, for the plaintiff.

Penny Littell, Esq., Gary C. Wood, Esq., City of Portland, Portland, for the defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, ALEXANDER, CALKINS, and SILVER, JJ.

SAUFLEY, C.J.

[¶ 1] The City of Portland appeals from a judgment of the Superior Court (Cumberland County, *Delahanty, J.*) in favor of E. Perry Iron & Metal Co., Inc., on one count of Perry's two-count complaint contesting the City's failure to act on Perry's application for a junkyard permit and challenging the validity of a City ordinance. Because the appeal is interlocutory and no exception to the final judgment rule applies, we grant Perry's motion to dismiss.[1]

## I.  BACKGROUND

[¶ 2] E. Perry Iron & Metal Co., Inc., operates a junkyard in Portland. It has held an annual license from the City to operate the junkyard since the 1980s. In September 2004, the Portland City Council enacted a scrap metal recycling facilities ordinance, which became effective on October 8, 2004. The new scrap metal recycling ordinance contains provisions that are much more restrictive than the junkyard permit provisions. In September, Perry filed an application with the City for a renewal of its annual junkyard permit pursuant to state law. *See* 30–A M.R.S.

---

1. Because we dismiss the appeal as interlocutory, we need not decide whether dismissal would be the appropriate sanction for the City's repeated and egregious violations of M.R.App. P. 8, but we take this opportunity to reiterate that full compliance with our appellate rules is required in every appeal before this Court.

§§ 3751, 3752(4), 3753 (2005). The City took no action on the application.

[¶ 3] In December 2004, Perry filed a complaint in Superior Court challenging the validity of the new scrap metal recycling ordinance and seeking declaratory and injunctive relief. Perry then amended its complaint to add a claim challenging the City's failure to act on its junkyard permit application pursuant to M.R. Civ. P. 80B and seeking an order requiring the City to grant the permit. At a January 2005 meeting, the City Council addressed issues concerning the implementation of the scrap metal recycling ordinance but did not act on Perry's junkyard permit application.

[¶ 4] In March 2005, the court entered a judgment for Perry on the Rule 80B count. The court concluded that Perry was entitled to a renewed junkyard permit, effective through September 30, 2006, and that the scrap metal recycling facilities ordinance was not retroactively applicable to the application for the renewed permit. The court did not act on Perry's challenge to the validity of the ordinance. The City did not ask the court to enter a partial final judgment pursuant to M.R. Civ. P. 54(b), but immediately appealed. Perry moved to dismiss the appeal.

## II. DISCUSSION

[¶ 5] A judgment is final only if it disposes of all the pending claims in the action, leaving no questions for the future consideration of the court. *Kinney v. Me. Mut. Group Ins. Co.,* 2005 ME 70, ¶ 13, 874 A.2d 880, 884; *Carroll v. Town of Rockport,* 2003 ME 135, ¶ 16, 837 A.2d 148, 154. In particular, a judgment on a Rule 80B appeal is not a final judgment when it fails to adjudicate the independent claims also raised in the complaint. *Yates v.*

*Town of Southwest Harbor,* 2001 ME 2, ¶ 9, 763 A.2d 1168, 1171.

[¶ 6] It is not clear that the court's decision entirely disposed of Perry's Rule 80B appeal; the court ruled that Perry is entitled to a permit but did not order the City to issue one, as requested by Perry's amended complaint. Even assuming that the court's order was effectively a complete judgment on the Rule 80B count, there is no final judgment because the court did not address the other count, Perry's challenge to the validity of the ordinance and request for declaratory and injunctive relief. The City's argument that the two counts are "clearly separate and independent" misses the point of the final judgment rule. The determination of whether there is a final judgment in a given case is a matter of comparing the judgment with the complaint and any counterclaims, cross-claims, or third-party claims; it is not dependent on the conceptual relationship between the various claims, which may be joined in the same complaint even if entirely independent. *See* M.R. Civ. P. 18(a), 54(b); *Kinney,* 2005 ME 70, ¶ 13, 874 A.2d at 884. The City has appealed from an interlocutory order, not from a final judgment.

[¶ 7] We have recognized three exceptions to the rule that only final judgments are appealable: the death knell, collateral order, and judicial economy exceptions. *Austin v. Universal Cheerleaders Ass'n,* 2002 ME 174, ¶ 4, 812 A.2d 253, 255–56. The City does not argue that any of these objections are applicable here, and we conclude that none of them apply. First, the death knell exception does not apply because the City will not irreparably lose any substantial rights if review is delayed until final judgment. *Fitch v. Doe,* 2005 ME 39, ¶ 9, 869 A.2d 722, 725.[2]

2. Among the various types of interlocutory orders that are immediately appealable pursu-

Second, the collateral order exception does not apply because the order at issue is not "separable from and collateral to the underlying lawsuit," *Dairyland Ins. Co. v. Christensen,* 1999 ME 160, ¶ 9, 740 A.2d 43, 45, but goes to the merits of one of Perry's claims. Third, the judicial economy exception is not applicable because this appeal would not "establish a final, or practically final, disposition of the entire litigation," *Norton v. Town of Long Island,* 2003 ME 25, ¶ 6, 816 A.2d 59, 61 (quotation marks omitted); the question of the validity of the new ordinance would remain to be resolved whether we affirmed or vacated the court's decision on the Rule 80B count.

[¶ 8] Because there is no final judgment and no exception to the final judgment rule applies, we must dismiss this appeal.

The entry is:

Appeal dismissed.

ant to the death knell exception are those denying a motion to dismiss on double jeopardy grounds, *see State v. Millett,* 669 A.2d 754, 755 n. 3 (Me.1996), and denying a motion to

dismiss or motion for summary judgment on immunity grounds, *see Sanford v. Town of Shapleigh,* 2004 ME 73, ¶ 6, 850 A.2d 325, 328.