2007 ME 10

Craig O. JIPSON

v.

**LIBERTY MUTUAL FIRE INSURANCE COMPANY.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Oct. 20, 2006.

Decided: Jan. 11, 2007.

Sheldon J. Tepler, Hardy, Wolf & Downing, P.A., Lewiston, for plaintiff.

Gregory M. Patient, Law Offices of Frederick C. Moore, Portland, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, DANA, ALEXANDER, CALKINS, LEVY, and SILVER, JJ.

SAUFLEY, C.J.

[¶ 1] Craig O. Jipson appeals from the entry of a dismissal by agreement, with prejudice, following a summary judgment entered in the Superior Court (Androscoggin County, *Gorman, J.*) on his complaint against Liberty Mutual Fire Insurance Company for payment pursuant to his underinsured motorists policy. Jipson contends that the court erred in its determination that Liberty Mutual could offset payments made by an underinsured tortfeasor to Jipson against the policy's liability limits. Because the case was dismissed with prejudice, upon the explicit signed agreement of both parties, Jipson's appeal fails to present a justiciable controversy. We therefore dismiss the appeal.

## I. BACKGROUND

[¶ 2] On August 27, 2004, Craig Jipson was injured in an automobile accident with Garrett McCafferty. At the time, Jipson maintained underinsured motorists coverage in the amount of $100,000, per person, with Liberty Mutual. For his injuries, Jipson recovered $50,000 from McCafferty's insurance carrier, the full extent of the carrier's liability. Jipson then filed a complaint against Liberty Mutual, alleging that because McCafferty was underinsured, he was due payment pursuant to his underinsured motorists policy for up to the full $100,000 of coverage. Liberty Mutual offset the $50,000 payment from McCafferty's insurance carrier against its $100,000 of coverage, and accordingly tendered $50,000 to Jipson.

[¶ 3] Liberty Mutual filed a motion for summary judgment, asking the court to rule that its maximum liability was $50,000 because the $50,000 paid by McCafferty's insurance carrier should be offset against the $100,000 policy limit. Jipson argued that Liberty Mutual's maximum liability was potentially $100,000 because the $50,000 payment should be offset against Jipson's total damages.

[¶ 4] Liberty Mutual's statement of material facts alleged only the following: (1) Jipson and McCafferty were in an automobile accident; (2) at the time of the accident, Jipson maintained underinsured motorists coverage in the amount of $100,000, per person, with Liberty Mutual; (3) Jipson's policy provided for a setoff for sums paid by legally responsible parties; and (4) McCafferty's insurance carrier had paid Jipson $50,000 for his injuries. Jipson admitted every point. The undisputed facts, however, contained no information that would support a finding that Jipson's damages exceeded $100,000, the total amount in payments he had already received. Nevertheless, at the parties' request, the court addressed the hypothetical question presented, limited Liberty Mutual's liability to $50,000, and granted the summary judgment on that issue to Liberty Mutual. The parties then filed an *agreed-upon* motion for final judgment and presented the court with an order that dismissed the action with prejudice. The court signed the agreed-upon dismissal. Jipson now appeals, arguing that the terms of his insurance policy entitle him to receive up to the full $100,000 provided under his underinsured motorists coverage.

## II. DISCUSSION

[¶ 5] There are two problems with the procedural posture of this case that prevent our review. First, absent from the undisputed facts is the amount of

Jipson's total damages, which must be determined to create a live dispute. Because Jipson has already recovered a total of $100,000 from McCafferty's insurance carrier and Liberty Mutual, it is only if Jipson's damages exceed $100,000 that a decision by this Court would resolve a justiciable controversy. That fact has not been established. We undertake appellate review only of cases that present justiciable controversies, and do not review matters that present merely theoretical disputes. *Me. Civil Liberties Union v. City of S. Portland*, 1999 ME 121, ¶ 8, 734 A.2d 191, 194. We stated this principle in *Sevigny v. Home Builders Ass'n of Me., Inc.*:

> For public policy reasons deeply imbedded in the history and nature of courts, the Law Court decides only questions of live controversy, and not hypothetical, abstract, or moot questions. The demands upon this court are too heavy for it to commit any of its limited resources of time and effort to reviewing the legal correctness of action below at the behest of a person to whom our decision in no alternative will make any real difference.

429 A.2d 197, 201 (Me.1981) (citations omitted). Because nothing in this record suggests that our decision would provide Jipson relief, we will not decide whether he may be entitled to more than the $50,000 already tendered by Liberty Mutual.

▮ [¶ 6] Even if the parties were to establish that the amount of damages exceeds $100,000, a second procedural issue prevents us from hearing this appeal. By agreement of the parties, in addition to ordering a judgment in Liberty Mutual's favor, the court dismissed the case with prejudice. We generally do not review appeals from a dismissal where the appealing party agreed to the dismissal. *See Scanlon v. M.V. SUPER SERVANT 3*, 429 F.3d 6, 8 (1st Cir.2005); *cf. Druhan v.*

*Am. Mut. Life*, 166 F.3d 1324, 1326 (11th Cir.1999) (a voluntary dismissal with prejudice is not an adverse judgment and therefore is not a justiciable case or controversy). Although it is unlikely that the parties in fact intended to render Jipson's appeal nonjusticiable through an agreed-upon dismissal, we will not reform the record to conform to the parties' intent. If a correctable error was made, it must be presented to the trial court.

The entry is:

Appeal dismissed.