### 2009 ME 110
### STATE of Maine
### v.
### Charles E. BROMILEY IV.

Supreme Judicial Court of Maine.

Submitted on Briefs: Oct. 14, 2009.

Decided: Nov. 19, 2009.

---

R. Christopher Almy, District Attorney, Susan J. Pope, Asst. Dist. Atty., Bangor, ME, for the State of Maine.

William P. Logan, Esq., Irwin, Tardy & Morris, Portland, ME, for Charles Bromiley IV.

Panel: SAUFLEY, C.J., and ALEXANDER, LEVY, SILVER, MEAD, and GORMAN, JJ.

PER CURIAM.

[¶ 1] The State appeals from the order of the Superior Court (Piscataquis County, *Anderson, J.*) granting Charles E. Bromiley IV's motion to suppress the evidence resulting from law enforcement contact with Bromiley while he was using his all terrain vehicle (ATV). The Superior Court granted the motion, holding that the then-effective version of 12 M.R.S. § 10353(2)(G) (2008), permitting stops of ATVs without suspicion of any violation of law, was violative of the Fourth Amendment of the United States Constitution.[1] As a result of this ruling, the State was unable to prosecute the charge of operating an ATV while under the influence (Class D), 12 M.R.S. § 10701(1-A)(D)(2) (2008), that resulted from the stop.

[¶ 2] Citing our opinion in *State v. McKeen*, 2009 ME 87, 977 A.2d 382, the State contends that former section 10353(2)(G) is constitutional and the Superior Court's ruling should be vacated. We vacate and remand for further proceedings.

## I. CASE HISTORY

[¶ 3] On July 4, 2008, Bromiley stopped his ATV on a bridge on the Barrows Falls Road in Monson. While there, Bromiley was approached by two game wardens. The trial court found that the "sole reason" for the wardens' encounter with Bromiley was to conduct a standard ATV check pursuant to former section 10353(2)(G). As a result of that encounter, Bromiley was charged with operating an ATV while under the influence.

[¶ 4] Bromiley brought a motion to suppress the evidence resulting from the encounter. Following a hearing, the trial court granted the motion in December 2008. In granting the motion, the trial court held that section 10353(2)(G), as it then existed, was unconstitutional in authorizing stops of ATV operators without reasonable, articulable suspicion of any violation of law. The State then brought this appeal pursuant to M.R.App. P. 21.

---

1. Title 12 M.R.S. § 10353(2)(G) (2008) has been amended by P.L. 2009, ch. 389, § 1 (effective Sept. 12, 2009) to require that prior to a stop of an ATV, law enforcement officers have a "reasonable and articulable suspicion to believe that a violation of law has taken place or is taking place."

## II. LEGAL ANALYSIS

■ [¶ 5] In reaching its decision on this close question of law, the trial court did not have available to it our later opinion in *McKeen*. Based on the trial court's findings, this case is on all fours with *McKeen*. Pursuant to the doctrine of *stare decisis*, the result here is governed by the law stated in *McKeen*, unless the passage of time and changes in conditions justify reexamining the law stated in our prior opinion and reaching a different result. *See Alexandre v. State*, 2007 ME 106, ¶ 35, 927 A.2d 1155, 1164; Alexander, *Maine Appellate Practice* § 407 (3d ed. 2008).

■ [¶ 6] As we stated in *Alexandre*, appellate courts proceed with great care before overruling a prior decision, and do so only after careful analysis and based on a compelling reason. 2007 ME 106, ¶ 35, 927 A.2d at 1164. "We do not disturb a settled point of law unless the prevailing precedent lacks vitality and the capacity to serve the interests of justice." *Bourgeois v. Great N. Nekoosa Corp.*, 1999 ME 10, ¶ 5, 722 A.2d 369, 371 (quotation marks omitted). Here, only a few months have passed since our opinion in *McKeen;* this case is on all fours with *McKeen;* there have been no changes in conditions, as we were aware of the Legislature's action changing section 10353(2)(G) when *McKeen* was decided; and the Legislature's action assures that the issue will not arise in cases presented after the change in the law. Thus, the doctrine of *stare decisis* applies. This case is governed by our prior precedent.

[¶ 7] The trial court's order granting Bromiley's motion to suppress must be vacated.

The entry is:

Order on motion to suppress vacated; remanded for further proceedings consistent with this opinion.