2011 ME 38

**BANK OF NEW YORK as Trustee for the Certificate Holders CWL, Inc. Asset–Backed Certificates, Series 2005–08**

v.

**Ralph J. RICHARDSON et al.**

Supreme Judicial Court of Maine.

Argued: Feb. 8, 2011.

Decided: March 22, 2011.

---

Paul J. Greene, Esq. (orally), Preti Flaherty Beliveau & Pachios, LLP, Portland, ME, for Bank of New York.

Peter Clifford, Esq. (orally), Hodsdon & Clifford, LLC, Kennebunk, ME, for Ralph J. Richardson and Sara M. Richardson.

Panel: SAUFLEY, C.J., and LEVY, SILVER, MEAD, GORMAN, and JABAR, JJ.

SAUFLEY, C.J.

[¶ 1] Bank of New York as Trustee for the Certificate Holders CWL, Inc. Asset–Backed Certificates, Series 2005–08, appeals from an order of the District Court (Springvale, *Janelle, J.*) dismissing with prejudice the Bank's complaint for foreclosure of real estate in Berwick owned by Ralph J. and Sara M. Richardson. The Bank argues that the court abused its discretion in dismissing the complaint with prejudice as a sanction for the Bank's failure to appear for mediation as part of the Foreclosure Diversion Program. *See* 14 M.R.S. § 6321–A (2010); M.R. Civ. P. 93. Because the Richardsons' counterclaims have not yet been adjudicated, the judgment is not final, and we dismiss the Bank's appeal.[1]

## I. BACKGROUND

[¶ 2] The Bank commenced this foreclosure proceeding by filing a complaint through counsel against the Richardsons in the District Court on May 27, 2009. On June 19, 2009, the Richardsons filed their answer and counterclaims for breach of contract; unfair trade practices; promissory estoppel; predatory lending; misrepresentation; breach of the covenant of good faith and fair dealing; reformation; declaratory and equitable relief; negligent infliction of emotional distress; intentional infliction of emotional distress; violation of the Fair Debt Collection Practices Act, 15 U.S.C.S. §§ 1692–1692p (LexisNexis 2005 & Supp.2010); and punitive damages. The Bank answered the counterclaims and asserted affirmative defenses on July 23, 2009.

[¶ 3] The court ordered that the parties participate in foreclosure mediation. *See* 14 M.R.S. § 6321–A(6); M.R. Civ. P. 93(c)(2). On February 26, 2010, notice was sent to the parties that mediation had been scheduled for March 16, 2010. The Bank's attorney did not appear at mediation, which prompted the Richardsons to move to dismiss the complaint. The Bank indicated that it had not received notice of the mediation. The court denied the motion to dismiss but cautioned, "court rules require that [the parties] engage in good faith efforts to mediate the issues in this case. Sanctions may be imposed if they fail to do so." *See* M.R. Civ. P. 93(j).

[¶ 4] Mediation was rescheduled for May 10, 2010, but the court granted the Bank's motion to continue and rescheduled the mediation for May 17. The court

---

1. We heard oral argument on the contentions raised by the Bank on February 8, 2011, and allowed the parties an extension to report to us whether they were able to either (1) reach a complete settlement agreement, as they suggested at oral argument, or (2) agree to the dismissal of the unresolved counterclaims. Within the time allotted, the parties did not report a complete settlement or a dismissal of the counterclaims.

mailed notice to both the Bank's original attorney and its newly retained counsel on May 10. After neither the Bank nor its counsel appeared at the May 17 mediation, the mediator filed a report of noncompliance with the court on that same day. On May 19, the Richardsons again moved to dismiss the Bank's foreclosure complaint.

[¶ 5] The court held a conference by telephone on May 21, and it dismissed the foreclosure complaint with prejudice in an order docketed on May 25. The court's order also required the Bank to pay the Richardsons' attorney fees and to pay a $2,500 fine to the Foreclosure Diversion Program. The court found that although it had "granted counsel the benefit of the doubt" for the earlier failure to appear for mediation, it did not find credible the Bank's current representation that counsel had "inadvertently overlooked and not read the hearing notice" for the second mediation. The court determined that the failure to attend the second scheduled mediation was "unexcused and clear evidence of bad faith and disregard for the Court." The court allowed the Richardsons to proceed on their counterclaims.

[¶ 6] The Bank moved for reconsideration, but the court denied its motion and, based on the Richardsons' bill of costs and fees, ordered the Bank to pay the Richardsons $15,677.20 in attorney fees and costs within thirty days. The Bank appealed to us.

## II. DISCUSSION

[¶ 7] Whether or not a party has argued the issue, we consider sua sponte whether a matter is properly before us on appeal from a final judgment. *See Aubry v. Town of Mount Desert*, 2010 ME 111, ¶ 4, 10 A.3d 662, 664. Ordinarily, we will not review a ruling on a motion if a final judgment has not yet been entered. *See In re Motion to Quash Bar Counsel*

*Subpoena*, 2009 ME 104, ¶ 10, 982 A.2d 330, 335. "A judgment is final only if it disposes of all the pending claims in the action, leaving no questions for the future consideration of the court." *E. Perry Iron & Metal Co. v. City of Portland*, 2006 ME 52, ¶ 5, 896 A.2d 956, 958.

[¶ 8] Here, there is no final judgment because the counterclaims have not been resolved. The parties did not identify the lack of finality in the judgment in their briefs, and neither party has argued that an exception to the final judgment rule applies.

[¶ 9] In an excess of caution, we review the exceptions to the final judgment rule in light of the procedural posture of this case. Three exceptions to the final judgment rule could potentially apply: the death knell exception, the collateral order exception, and the judicial economy exception. *E. Perry Iron & Metal Co.*, 2006 ME 52, ¶ 7, 896 A.2d at 958.

[¶ 10] The death knell exception applies when a party will irreparably lose a substantial right, meaning a loss of the rights, property, or claim at issue, if that party cannot appeal until a final judgment has been entered. *See id.; Bruesewitz v. Grant*, 2007 ME 13, ¶ 8, 912 A.2d 1255, 1258. In this case, the Bank will not be precluded forever from taking an appeal if the present appeal is dismissed, and increased cost alone does not constitute the irreparable loss of a substantial right. *See Dairyland Ins. Co. v. Christensen*, 1999 ME 160, ¶ 8, 740 A.2d 43, 45. Although the Bank may have substantial interests at stake in the litigation, the death knell exception does not apply because the Bank does not stand to be permanently deprived of any right, property, or claim as a result of a delay in the consideration of an appeal.

[¶11] The collateral order exception applies when the order at issue is separable from and collateral to the remaining claims. *See E. Perry Iron & Metal Co.*, 2006 ME 52, ¶7, 896 A.2d at 959. Because the various counterclaims raised by the Robinsons are closely related to the foreclosure action, the collateral order exception does not rescue this interlocutory appeal.

[¶12] Finally, the judicial economy exception, which applies when an appeal would establish a final, or practically final, end to the entire litigation, does not apply in this matter. *Id.* Whether or not the Bank's foreclosure complaint is dismissed, the counterclaims remain to be litigated, and our review of the dismissal order would not finally resolve the litigation.

[¶13] Because no final judgment has been entered and none of the exceptions to the final judgment rule apply, we dismiss the Bank's interlocutory appeal.

The entry is:

Appeal dismissed.