MAINE SUPREME JUDICIAL COURT                           Reporter of Decisions
Decision:      2013 ME 50
Docket:        Som-12-375
Argued:        April 10, 2013
Decided:       May 23, 2013

Panel:         SAUFLEY, C.J., and ALEXANDER, LEVY, SILVER, MEAD, GORMAN, and JABAR,
               JJ.


BERNARD QUIRION et al.

v.

BRYAN VEILLEUX et al.


ALEXANDER, J.

[¶1]  Bernard Quirion and his spouse, Nancy Dulac, appeal from an order of the Superior Court (Somerset County, *Mills, J.*) holding that the law of Canada and Quebec will apply to the determination of damages for their claims of negligence and loss of consortium against Bryan Veilleux and 9048-9493 Quebec, Inc. d/b/a S.M. Transport.  They contend that we should accept their interlocutory appeal, reach the merits, and hold that Maine law should govern determination of their damages.  Because this interlocutory appeal is not subject to an exception to the final judgment rule, we dismiss the appeal.

## I. CASE HISTORY

[¶2]  Quirion is a Canadian citizen.  On June 24, 2008, he drove a load of woodchips from Saint Georges, Quebec, to the mill in Hinckley.  After unloading

2

the woodchips, Quirion drove towards West Forks on Route 201. Veilleux is also a Canadian citizen. He was employed by S.M. Transport and was transporting a load of plywood from Quebec to Maine. As Quirion's truck approached Veilleux's truck on Route 201 in Moscow, some plywood came off of Veilleux's truck and struck the windshield of Quirion's truck. Quirion sustained serious injuries.

[¶3] In April 2010, Quirion and Dulac filed a two-count complaint against Veilleux and S.M. Transport claiming negligence and loss of consortium. In September 2010, the court granted the parties' joint motion to confine discovery and motion practice to the choice-of-law issue before addressing liability. After briefing, the court determined that the laws of Canada and Quebec would apply to the determination of damages.

[¶4] Quirion then filed a motion asking the Superior Court to report the choice-of-law issue to us pursuant to M.R. App. P. 24, or, alternatively, to permit him to voluntarily dismiss his case, with prejudice, subject to being permitted to appeal the court's adverse ruling on the choice-of-law issue. The court denied both motions. Quirion then brought this appeal.

## II. LEGAL ANALYSIS

[¶5] Although there has been no voluntary dismissal in this case, Quirion argues that we should adopt the First Circuit's precedent that a voluntary dismissal preserves the right to appeal a trial court's interlocutory ruling that the dismissing

party stipulates resolves the case. *See John's Insulation, Inc. v. L. Addison & Assocs.*, 156 F.3d 101, 107 (1st Cir. 1998). We have previously rejected this approach in *Jipson v. Liberty Mutual Fire Insurance Co.*, 2007 ME 10, ¶¶ 1, 6, 912 A.2d 1250, citing the Eleventh Circuit's decision in *Druhan v. American Mutual Life*, 166 F.3d 1324, 1326 (11th Cir. 1999).

[¶6]  Quirion argues that the Eleventh Circuit has subsequently clarified its holding in *Druhan* and that it now permits appeals from voluntary dismissals in certain circumstances. *See OFS Fitel, LLC v. Epstein, Becker & Green, P.C.*, 549 F.3d 1344, 1355-56 (11th Cir. 2008). Quirion correctly states that some other federal courts of appeals permit the procedure he advocates. *See* 15A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 3914.8 (2d ed., Westlaw 2013). However, we have rejected this approach as recently as 2007, and Quirion presents no compelling reason to revisit our decision. *See Jipson*, 2007 ME 10, ¶ 1, 912 A.2d 1250. Guided by *stare decisis*, we will apply rules articulated in our precedents "unless the passage of time and changes in conditions justify reexamining the law stated in our prior opinion and reaching a different result." *State v. Bromiley*, 2009 ME 110, ¶ 5, 983 A.2d 1068.

[¶7]  Quirion also argues that the cost he would incur in litigating this case to its conclusion, without any prospect of a significant damages award if Maine

4

law does not apply, is cause for us to accept this appeal pursuant to either the death knell or judicial economy exception to the final judgment rule.

[¶8]   Pursuant to the death knell exception, "an interlocutory appeal is permitted only when substantial rights of a party will be irreparably lost if review is delayed until final judgment." *Liberty v. Bennett*, 2012 ME 81, ¶ 18, 46 A.3d 1141. "The cost and delay of litigating [absent an interlocutory appeal] does not qualify as a loss of substantial rights or permanent foreclosure of relief." *Dairyland Ins. Co. v. Christensen*, 1999 ME 160, ¶ 8, 740 A.2d 43. "If it were otherwise, and the cost of further litigation alone justified interlocutory appeals, a further cost of litigation exception would swallow the final judgment rule, opening every interlocutory ruling to appeal." *Id.*; *see also Bank of N.Y. v. Richardson*, 2011 ME 38, ¶ 10, 15 A.3d 756 (reaffirming the rule in *Dairyland Ins. Co.*). Application of the death knell exception is a fact-specific inquiry that requires examination of the merits of each case. *Fiber Materials, Inc. v. Subilia*, 2009 ME 71, ¶ 14, 974 A.2d 918.

[¶9]   The judicial economy exception permits an interlocutory appeal when "(1) review of a non-final order can establish a final, or practically final, disposition of the entire litigation, and (2) the interests of justice require that immediate review be undertaken." *Liberty*, 2012 ME 81, ¶ 19, 46 A.3d 1141. Generally, we invoke the judicial economy exception when there are

"[p]articularly unique circumstances" in the history of a case such as exceedingly long litigation, multiple pending proceedings involving the same party, or litigation subject to "inordinate delay." *Id.* ¶ 22.

[¶10]  In this case, Quirion argues that an exception to the final judgment rule applies because, after the trial court's decision, "his claim is not viable" and "a Canadian choice of law ruling is the death knell of his case." Quirion states that he would not pursue his case beyond the Superior Court's ruling that Canadian law applies because his potential recovery would not justify the cost of litigation.

[¶11]  As noted above, the cost of completing litigation to final judgment is insufficient to invoke the death knell exception to the final judgment rule. *See Dairyland Ins. Co.*, 1999 ME 160, ¶ 8, 740 A.2d 43.  Further, there are no "[p]articularly unique circumstances" in this case, which proceeded relatively efficiently in the trial court, that justify accepting this appeal pursuant to the judicial economy exception. *See Liberty*, 2012 ME 81, ¶¶ 19, 22, 46 A.3d 1141. Accepting an interlocutory appeal from this choice-of-law ruling, mid-proceeding, would establish precedent that we will accept interlocutory appeals from the many choice-of-law rulings that our trial courts make.  Such precedent would run directly contrary to interests of judicial economy, delaying many proceedings while parties divert time, resources, and effort to arguing before us about mid-proceeding

6

choice-of-law rulings that one party or the other alleges are significantly prejudicial.

[¶12]  There is good reason to be cautious in taking interlocutory appeals and removing a case from ongoing consideration by the trial court.  *Collins v. Trius, Inc.*, 663 A.2d 570, 571-72 (Me. 1995), cited by Quirion, does not suggest otherwise.  In *Collins*, we considered an appeal from a decision not to apply Canadian law to damages in a tort case, but there the trial court had reported the question pursuant to former M.R. Civ. P. 72(c), *id.* at 571, which is now embodied in M.R. App. P. 24, M.R. App. P. 24 Advisory Notes to Jan. & Sept., 2001, amends.  Here, Quirion moved the Superior Court to report its decision, and the court declined to do so.

[¶13]  Reaching the merits of the appeal in this posture would, in effect, overrule the trial court's sound discretionary decision to decline the requested report.  Because no exception to the final judgment rule has been demonstrated to justify reaching the merits of this appeal, and because the trial court, after deliberate consideration, declined to report the issue to us, the final judgment rule bars our reaching the merits of this appeal.

The entry is:

Appeal dismissed.

**On the briefs:**

Malcolm L. Lyons, Esq., Catherine R. Connors, Esq., and Katharine I. Rand, Esq., Pierce Atwood LLP, Portland, for appellants Bernard Quirion and Nancy Dulac

Daniel R. Mawhinney, Esq., and Elizabeth K. Peck, Esq., Thompson & Bowie, LLP, Portland, for appellees Bryan Veilleux and 9048-9493 Quebec, Inc.

**At oral argument:**

Catherine R. Connors, Esq., for appellants Bernard Quirion and Nancy Dulac

Elizabeth K. Peck, Esq., for appellees Bryan Veilleux and 9048-9493 Quebec, Inc.

Somerset County Superior Court docket number CV-2010-16
FOR CLERK REFERENCE ONLY