MAINE SUPREME JUDICIAL COURT                                    Reporter of Decisions
Decision:     2017 ME 113
Docket:       Han-16-533
Argued:       May 11, 2017
Decided:      June 6, 2017

Panel:        SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

KERRY A. JOHNSON et al.

v.

BARBARA C. CRANE

JABAR, J.

[¶1]   Kerry A. Johnson and Kathleen A. Thommen appeal from a judgment of the Superior Court (Hancock County, *R. Murray, J.*) dismissing their complaint for tortious interference with an expectancy and breach of contract against Barbara C. Crane following Crane's motion filed pursuant to M.R. Civ. P. 12(b)(6).   Because we conclude that the issues raised by the complaint are not yet ripe for judicial review, we vacate the court's judgment and remand for entry of a dismissal without prejudice.

## I.  BACKGROUND

[¶2]   The following facts, taken in the light most favorable to the plaintiffs, are derived from the allegations in the complaint.  *See Moody v. State Liquor & Lottery Comm'n*, 2004 ME 20, ¶ 7, 843 A.2d 43.

[¶3]  Jean Quayle Johnson was the mother of Kerry A. Johnson, Kathleen A. Thommen, Kim A. Johnson, and Kasey A. Reid (collectively, the children),[1] and sister of Barbara C. Crane.  Jean died testate on October 31, 2015.  Consistent with the terms of Jean's will, Crane filed an application for informal probate of the will and was appointed personal representative of the estate by the Hancock County Probate Court.

[¶4]  The assets of the estate include a one-half interest in JKJ Property Group, LLC, a Maine limited liability company, and one half of the outstanding shares of stock in The Colony Cottages, Inc., a Maine corporation (collectively, the properties).  JKJ Property Group owns commercial land and buildings in Bar Harbor—subject to a mortgage and assignment of rents—and The Colony Cottages owns and operates seasonal rental cottages on the property owned by JKJ Property Group.  Jean's will devised the properties to Crane.

[¶5]  On May 25, 2016, Kerry Johnson and Kathleen Thommen filed a complaint against Crane, and Kasey Reid and Kim Johnson were later added as interested parties.  The complaint contains two counts.  Count I, for tortious interference with an expected inheritance, alleges that Crane fraudulently induced Jean to bequeath the properties to Crane with the assurance that

---

[1]  Jean's other child, Kyle A. Johnson, is not a party to this action.

Crane would either distribute equal shares of the properties to the children or sell the properties and divide the net proceeds among the children. Count II, for breach of contract,[2] alleges that Crane agreed with Jean, as a condition of Crane becoming Jean's personal representative according to the will, to distribute among the children the properties or the net proceeds from any sale of the properties, and that Crane breached that agreement.

[¶6] The Superior Court (Hancock County, *R. Murray, J.*) granted Crane's motion to dismiss pursuant to M.R. Civ. P. 12(b)(6), concluding that Count I did not satisfy the rule articulated in *Shine v. Dodge*, 130 Me. 440, 443, 157 A. 318 (1931), that a promise to take a future action will not support an action for fraud; Count I did not state the nature, content, or scope of the children's fraud allegations with particularity pursuant to M.R. Civ. P. 9(b); and the contract alleged in Count II did not satisfy the statute of frauds. The children timely appeal. *See* M.R. App. P. 2(b)(3).

## II. DISCUSSION

[¶7] The children contend that the court erred in each of its conclusions. Specifically, they assert that their complaint adequately pleads

---

[2] Though identified in the complaint as a second claim for tortious interference with expected inheritance, in subsequent filings, including the briefs on appeal, Count II is described as a breach of contract claim. We will therefore address Count II as a claim for breach of contract.

all elements of tortious interference with an expectancy, that it alleges fraud with particularity and therefore satisfies M.R. Civ. P. 9(b), and that the statute of frauds does not bar their breach of contract claim because Jean at least partly performed her duties under the alleged contract. Because we conclude that their claims are not yet ripe for judicial review, we do not address these contentions.

[¶8] "We undertake appellate review only of cases that present justiciable controversies, and do not review matters that present merely theoretical disputes." *Jipson v. Liberty Mut. Fire Ins. Co*, 2007 ME 10, ¶ 5, 912 A.2d 1250; *see also Lewiston Daily Sun v. Sch. Admin. Dist. No. 43*, 1999 ME 143, ¶ 12, 738 A.2d 1239 ("Courts can only decide cases before them that involve justiciable controversies."). We may raise issues of justiciability on our own motion. *See Dubois Livestock, Inc. v. Town of Arundel*, 2014 ME 122, ¶ 9, 103 A.3d 556; *Francis v. Dana-Cummings*, 2007 ME 16, ¶ 20, 915 A.2d 412.

[¶9] "Ripeness is a question of law that we review de novo." *Johnson v. City of Augusta*, 2006 ME 92, ¶ 7, 902 A.2d 855. "To determine if an issue is ripe for review, [we] focus[] on the fitness of the issue for judicial decision and the hardship to the parties of withholding court consideration." *Me. AFL-CIO v.*

*Superintendent of Ins.*, 1998 ME 257, ¶ 8, 721 A.2d 633 (quotation marks omitted).

[¶10]  Without a "concrete, certain, or immediate legal problem," a controversy is not fit for judicial consideration.  *Wagner v. Sec'y of State*, 663 A.2d 564, 567 (Me. 1995).  For example, where a plaintiff alleged but failed to establish an ownership interest in land underlying a disputed right of way, and the defendants counterclaimed seeking declaratory judgment for a prescriptive easement, we concluded that the "prescriptive easement claim [was] not ripe for adjudication until an owner of the land in dispute [was] declared."  *Lamson v. Cote*, 2001 ME 109, ¶¶ 7-9, 20, 775 A.2d 1134.  In the absence of a declaration of the owner of the land, the defendants' claim of an interest in that land had "lost its vitality" and did not present a justiciable controversy. *Id.* ¶ 20.

[¶11]   The children's claims here similarly lack a justiciable "controversial vitality." *Me. Civil Liberties Union v. City of S. Portland*, 1999 ME 121, ¶ 8, 734 A.2d 191 (quotation marks omitted).  The complaint does not state and the record does not show that the estate has been closed.  *See* 18-A M.R.S. § 3-1003(a) (2016) (stating that all assets of an estate must be distributed to the entitled entities before a personal representative may close

an estate).  Although Crane has been appointed personal representative by informal probate, the children acknowledged during oral argument that Crane has not taken possession of the properties or submitted a final account for the estate.  Additionally, the children acknowledged that Crane may yet assign the properties or the proceeds from sale of the properties to the children.  The complaint merely alleges that, thus far, she has refused to inform the plaintiffs about her *intentions* concerning the properties and that she *intends* to retain ownership of the properties if she takes possession.  Until the estate has been closed and Crane has in fact received and retained ownership of the properties, the children's claims for tortious interference with an expectancy and breach of contract will lack both the critical liability and damages components.  *See Morrill v. Morrill*, 1998 ME 133, ¶ 7, 712 A.2d 1039 (setting out the elements for a claim of tortious interference with an expectancy); *Deering Ice Cream Corp. v. Colombo, Inc.*, 598 A.2d 454, 456-57 (Me. 1991) (stating that "breach of contract damages, as a general proposition, should be based on the injured party's expectation interest, defined as its interest in having the benefit of its bargain by being put in as good a position as it would have been in had the contract been performed" (alterations omitted) (quotation marks omitted)).

[¶12]  Further, while the estate continues in probate, the children retain other avenues to seek to take possession of the properties, including petitioning the Probate Court to "compel or approve an accounting and distribution."  18-A M.R.S. § 3-1002 (2016).  Because any remedy imposed by a court would, at this time, be premature, *see Wagner*, 663 A.2d at 567-568, we hold that the children's claims are not yet ripe for adjudication.  We therefore remand for entry of a dismissal without prejudice.  *See Homeward Residential, Inc. v. Gregor*, 2015 ME 108, ¶ 24, 122 A.3d 947.

The entry is:

> Judgment dismissing the plaintiffs' complaint vacated.  Remanded for entry of dismissal without prejudice.

---

Barry K. Mills, Esq. (orally), Hale & Hamlin, LLC, Ellsworth, for appellants Kerry A. Johnson and Kathleen A. Thommen

William B. Devoe, Esq. and Kady S. Huff, Esq. (orally), Eaton Peabody, Bangor, for appellee Barbara C. Crane

Hancock County Superior Court CV-2016-27
FOR CLERK REFERENCE ONLY