

STATE OF MAINE
ANDROSCOGGIN, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NOS. CV-19-31 and
CV-19-32

APR 18 '19 PM2:25
ANDRO SUPERIOR COURT

LISA MCALLISTER, D.O. and ERIC )
SLAYTON, D.O., )
           )
     Plaintiffs )
           )
   v. )
           )
CENTRAL MAINE HEALTHCARE, )
           )
     Defendant. )

ORDER ON DEFENDANT'S
MOTION TO DISMISS AND
PLAINTIFFS' MOTION TO COMPEL
ARBITRATION

Before the Court are Plaintiffs' motion[1] to compel arbitration[2] and Defendant's motion to dismiss. For the following reasons, Defendant's motion to dismiss is denied, and Plaintiffs' motion to compel arbitration is granted.

I. Background

On February 26, 2019, Plaintiffs Drs. Lisa McAllister and Eric Slayton filed nearly identical complaints in this Court. Plaintiffs' complaints both allege they entered into an employment agreement with Defendant Central Maine Healthcare ("CMHC") to work as full-time family medicine physicians at Bridgton Hospital. Relevant to this motion, the employment agreements entered into by both Plaintiffs contain a post-employment restriction clause and an arbitration clause. Count I of Plaintiffs' complaints requests that the Court compel this matter to arbitration pursuant to the arbitration clause. Count II requests, in the alternative, that the Court issue a declaratory judgment that the agreement's post-employment restriction is unenforceable.

---

[1] Under separate docket numbers, both Plaintiffs filed substantially the same complaint and motion to compel arbitration, and Defendant filed substantially the same motion to dismiss each Plaintiff's complaint. Plaintiffs' cases were consolidated on March 29, 2019, and therefore, for simplicity, the Court makes no distinction between Defendant's separately-filed motions or between Dr. McAllister's motion and Dr. Slayton's motion, except where otherwise noted.

[2] In the alternative, Plaintiffs have moved for declaratory judgment on the merits of their claim. Because the Court finds this matter should be compelled to arbitration, the Court does not consider Plaintiffs' alternative motion at this time.

The post-employment restriction states, in relevant part:

> Physician agrees that in the event Physician ceases to be employed by [CMHC], for any reason, Physician will not directly or indirectly engage in the practice of medicine or osteopathy within 25 miles from 253 Bridgton Road, Fryeburg Maine for a period of eighteen months thereafter.[3]

(Pl.'s Mot. to Compel, Ex. A at 5.) The arbitration clause states, in relevant part:

> Any claim or dispute arising out of or requiring an interpretation of this Agreement, or the employment relationship, including the termination of this Agreement, or any violation of this Agreement which may occur after the termination of this Agreement shall be resolved exclusively by arbitration....

(Pl.'s Mot. to Compel, Ex. A at 5.)

While both Plaintiffs continue to be employed by CMHC and there is no dispute that neither Plaintiff has breached their post-employment restriction, both Plaintiffs allege they have been offered other employment within the geographic area designated by the post-employment restrictions. They also allege they have demanded arbitration seeking a declaration that the post-employment restrictions are not enforceable, and that CMHC would not agree to arbitration and stated that it would pursue enforcement of the post-employment restrictions.

II. Discussion

In both its motion to dismiss[4] and its opposition to Plaintiffs' motion to compel arbitration, CMHC essentially makes the same two arguments: 1) this matter is not ripe for decision, and 2) pursuant to the employment agreement, this matter is not subject to arbitration.

A. Ripeness

---

[3] The quoted language is drawn from Dr. McAllister's contract. The restriction in Dr. Slayton's contract is slightly different, restricting him from practicing within 25 miles from the intersection of High Street and Hospital Drive, Bridgton, Maine for two years after ceasing employment by Defendant.
[4] CMHC formally brings its motion to dismiss pursuant to M.R. Civ. P. 12(b)(1) and 12(b)(6).

CMHC's ripeness argument centers on the fact that Plaintiffs have not yet breached their agreement. To that end, CMHC has wholly failed to address the language of Declaratory Judgments Act (DJA). The DJA provides "a simple and effective means by which parties may secure a binding judicial determination of their legal rights, status or relations under ... written instruments where a justiciable controversy has arisen." *Hodgdon v. Campbell*, 411 A.2d 667, 669 (Me. 1980). The DJA expressly provides: "A contract may be construed either before or after there has been a breach thereof." 14 M.R.S. § 5955; *see also Coastal Ventures v. Alsham Plaza, LLC*, 2010 ME 63, ¶¶ 1, 10, 1 A.3d 416 (affirming trial court's construction of non-compete agreement prior to breach). To bring a claim under the DJA, "'[n]o injury need have been suffered nor wrong inflicted as a predicate to a declaratory judgment action; the very purpose of the declaratory judgments act is to spare the parties the necessity of doing or suffering wrong before their legal rights can be construed judicially.'" *Gamash v. Bank of Am., N.A.*, No. BCD-CV-2018-17, 2018 Me. Bus. & Consumer LEXIS 51, at *8 (Sept. 10, 2018) (quoting Horton & McGehee, *Maine Civil Remedies* § 3-1(c) at 33 (4th ed. 2004)). The Court agrees with Plaintiffs that, as provided by statute, they are not required to breach the agreement prior to seeking a declaration as to their rights under the agreement.

CMHC further argues Plaintiffs' claim is unripe and therefore nonjusticiable because Plaintiffs' breach of the agreement and consequent damages are purely hypothetical and speculative. *See Johnson v. Crane*, 2017 ME 113, ¶ 10, 163 A.3d 832 ("Without a concrete, certain, or immediate legal problem, a controversy is not fit for judicial consideration" (internal quotes omitted)). To the contrary, Plaintiffs both allege that they have received job offers to practice medicine within the geographical area covered by the post-employment restrictions, the acceptance of which would ostensibly violate their agreements. Plaintiffs also allege that CMHC has expressed an intention to

seek to enforce the post-employment restrictions. Without actually breaching the agreement—as Plaintiffs are not required to do prior to bringing this declaratory judgment action—the Court cannot envision how Plaintiffs' claims could be more concrete. Plaintiffs' claims are ripe for consideration.

B. The arbitration carve-out

CMHC's second argument is that, pursuant to a carve-out in the post-employment restriction clause, the arbitration clause does not apply to questions raised under the post-employment restriction clause. CMHC's interpretation of the carve-out is overbroad. The carve-out states: "Notwithstanding the arbitration clause in this Agreement, [CMHC] may elect to *enforce* this clause by civil action, in which case the arbitration clause shall not be applicable." (Pl.'s Mot. to Compel, Ex. A at 5 (emphasis added).) Although CMHC characterizes the carve-out as an inconsistency or an ambiguity, the Court disagrees. The carve-out is merely a narrow exception to the arbitration clause; the language is not ambiguous and does not conflict with any other provision in the agreement. Because this is an action seeking construction of the agreement, and not an enforcement action, by the plain language of the agreement, the carve-out does not apply here.

CMHC's argument that Plaintiffs have engaged in gamesmanship by bringing this action prior to breaching the contract as a means to circumvent the carve-out is likewise unpersuasive. As discussed above, the DJA clearly grants Plaintiffs the right to bring this action prior to breaching the contract, reflecting the policy that, in order to obtain a ruling as to the interpretation of a contract, a plaintiff should not have to first breach the contract and thereby risk incurring breach of contract damages that would be available in an enforcement action. *Cf. MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 129 (2007) (explaining that a plaintiff should not be required to violate a statute "as a prerequisite to testing the validity of a law"). If CMHC objects to Plaintiffs' strategy, CMHC should

4 of 5

consider drafting a broader carve-out for future contracts. In this case, however, by agreeing to the carve-out, the parties only agreed that CMHC could choose to enforce the post-employment restriction by a civil action, which in no way negates Plaintiffs' right to bring this action and demand arbitration at this juncture.

III. Conclusion

For the foregoing reasons, Defendant CMHC's motion to dismiss is DENIED. Plaintiffs' motion to compel arbitration is GRANTED. The parties are ORDERED to submit the question of the construction of the post-employment restriction to arbitration in accordance with the employment agreement's arbitration clause.

The Clerk is directed to incorporate this Order into the docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Dated: ____4/18/19____

_____
MaryGay Kennedy, Justice
Maine Superior Court